**ROPER CORPORATION NEWARK DIVISION, Plaintiff,**

v.

**Theodore FARROW et al., Defendants.**

**Civ. A. No. 69–60.**

United States District Court
S. D. Ohio, E. D.
March 11, 1969.

———◆———

Richard C. Kibler, Newark, Ohio, and Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff, Ray J. Schoonhoven, Chicago, Ill., of counsel.

Joseph F. Lang, Jr., Newark, Ohio and Melvin S. Schwarzwald, Cleveland, Ohio, for defendants.

## ORDER

KINNEARY, District Judge.

This matter is before the Court on a motion to remand an action which was removed to this Court pursuant to Title 28, United States Code, Sections 1441 and 1446. The motion, the memorandum in support, the petition for removal, plaintiff's original petition and the arguments of counsel have been well considered.

Plaintiff commenced this action in the Common Pleas Court of Licking County, State of Ohio, by filing a petition therein, on February 20, 1969, naming as defendants seven (7) individuals as representatives of a class consisting of the factory hourly-paid employees of plaintiff represented by Local No. 463, International Association of Machinists and Aerospace Workers, AFL–CIO (herein The Union), an unincorporated association. The Union was not named as a defendant.

The plaintiff alleged, *inter alia,* the existence of a collective bargaining agreement between plaintiff and The Union; that said agreement contained a union security provision and a no strike provision; that the defendants named, and other members of the class, are members of The Union or are represented by The Union and are under a duty to abide by the no strike provision; and that defendants have and are engaged in a

"strike, work stoppage, and a concerted interruption of work" in violation of the terms of the agreement. The petition alleges further that the damages are irreparable and that there is no speedy and adequate remedy at law. Temporary and permanent injunctive relief is sought to the exclusion of damages.

On the same date, the Common Pleas Court of Licking County issued a temporary restraining order which enjoined the defendants from:

(1) * * * urging, directing, causing, instigating, participating in, or doing any act or threat contributing to, the strike or stoppage of work, or concerted refusal to work or picketing in violation of the collective bargaining agreement currently in effect between the plaintiff and Local 463 * * *

(2) * * * participation in any picketing, strike, work stoppage or concerted refusal to work * * *

The order also ordered them:

* * * forthwith to return to work * * *

The hearing on the permanent injunction was set for March 3, 1969.

■ However, on February 27, 1969, The Union removed this case to this court by filing a petition for removal pursuant to Title 28, United States Code, Section 1446. The petition for removal alleges that this Court has jurisdiction by virtue of Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185, as an action arising under the laws of the United States. The petition for removal alleges further that:

The defendant Union is a labor organization representing employees in an industry affecting commerce, namely, an industry or activity in commerce, in which a labor dispute would burden or obstruct commerce, or tend to burden or obstruct commerce, or the free flow of commerce.

In a prior action, coincidentally involving the same plaintiff, this Court has determined that it is not limited to an examination of the original petition in its determination of the jurisdictional question raised herein. Geo. D. Roper Corp. v. Local Union #16, 279 F.Supp. 717 (S.D.Ohio 1968). Since the petition for removal alleges that the parties to this action are engaged in an "industry affecting commerce" in terms similar to those used in Title 29, United States Code, Section 152(7), in defining the term "affecting commerce," the Court determines that the above quoted allegation is sufficient under Section 301.

Plaintiff's motion to remand attacks the sufficiency of the removal on three grounds. *First*, the petition for removal is defective in that it was filed by The Union which was not a party and not joined in by all of the party defendants as required by Title 28, United States Code, Sections 1441 and 1446. See 1A Moore's Federal Practice 1171. *Second*, this cause is not one arising under Section 301 or any law of the United States. *Third*, the bond filed in obedience to Section 1446(d) is defective because it was executed by The Union which is not a party to this action.

All three grounds are based on the fact that the original petition did not name The Union as a party defendant. Plaintiff's counsel stated very candidly in open court that the original petition was carefully drafted in an attempt to prevent removal to a federal district court. Plaintiff argued that Section 301 provides for jurisdiction over suits between an employee and a labor organization and that this suit is between an employer and a class of employees not a labor organization. It is alleged in the memorandum in support of the motion that, "this is merely a suit against individuals for breach of a labor contract."

■ These arguments may be sound as general propositions of law, but in the context of this action wherein these arguments are confronted with the national labor policy as declared in Title 29, United States Code, Section 102, they

cannot prevail. The members of the class of defendants defined in the petition are identical with the members of The Union; indeed, the class has no existence outside of The Union in view of the security provision of the collective bargaining agreement. Therefore, this suit is considered to be, in fact, against The Union, and, since it concerns the violation of a contract "between an employer and a labor organization" as those terms are used in Section 301, this Court has jurisdiction thereof.

Whereupon, the Court determines that plaintiff's motion to remand is without merit, and therefore, it is denied.