**Huey P. LAMBRIGHT et al.**

v.

**RED BALL MOTOR FREIGHT, INC.**

Civ. A. No. 17168.

United States District Court,
W. D. Louisiana,
Alexandria Division.

Dec. 17, 1971.

Daniel E. Broussard, Jr., Alexandria, La., for plaintiffs.

Leo Gold and Henry B. Bruser, III, Alexandria, La., for defendant.

NAUMAN S. SCOTT, District Judge:

The plaintiffs in this matter are all truck drivers employed by the defendants and members of Local No. 568 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. They brought this action in the Ninth Judicial District

Court, Parish of Rapides, State of Louisiana alleging the breach of certain collective bargaining contracts between the union and the employer. The alleged breach consists of the reduction by the employer, unilaterally, of the mileage allowance between New Orleans and Alexandria from 196 miles to 190 miles. The mileage allowance is utilized in computing the plaintiffs' compensation. The plaintiffs seek payment of the back wages which they have lost due to the alleged reduction and a declaratory judgment requiring the defendant to comply with the terms of the contract in this respect in the future. The plaintiffs, in their petition, claim the status of third party beneficiaries under the contracts in question. The sole issue presented in the petition is the alleged reduction in the mileage allowance. Plaintiffs clearly are basing their claim on the Law of Louisiana and not on the federal law.

The defendant has petitioned for removal on the basis that this Court has original jurisdiction of the cause of action under Section 301 of the Labor Management Relations Act, 29 U.S.C. 185(a). The defendant seeks remand.

██ Should this action be characterized as one brought under Section 301, it is clear that it would be removable. Boy's Markets, Inc. v. Retail Clerk's Union Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). The question is—should it be so characterized? The plaintiffs have styled their action as one brought under the Laws of the State of Louisiana. No mention is made of the Laws of the United States in the petition. The determination is, therefore, whether or not the *facts* as pleaded state a cause of action governed exclusively by federal law so that they are stating a federal claim whether they want to or not.

██ The Court of Appeals for the First Circuit, in Brough v. United Steelworkers of America, 437 F.2d 748 (1 Cir. 1971), stated:

"For a suit to be one that arises under the laws of the United States, so as to confer original or removal jurisdiction on the federal courts, it must appear on the face of the complaint that resolution of the case depends upon a federal question. E. g., Pan American Petroleum Corp. v. Superior Court, 1961, 366 U.S. 656, 663, 81 S. Ct. 1303, 6 L.Ed.2d 584; Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 672, 70 S.Ct. 876, 94 L. Ed. 1194, and cases cited. The fact that a defense to the action may raise a federal question, see n. 1, ante, is immaterial. Louisville & N. R. R. v. Mottley, 1908, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; Tennessee v. Union & Planters' Bank, 1894, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511. It is also irrelevant that plaintiff may, in fact, have no valid state cause of action, but at best only a federal one; he is free to select the suit he will bring. Fair v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, 33 S.Ct. 410, 57 L. Ed. 716; cf. Great Northern Ry. v. Alexander, 1918, 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713."

The facts presented in the plaintiffs' petition do not indicate a dispute over the terms of the contract nor do they indicate a disagreement between the union and the management of Red Ball. The bone of contention is whether or not the reduction was actually effected, in violation of the contract. No question is presented that requires an expertise in the federal law of labor-management relations for resolution nor is there presented a question that involves a uniform national policy in such matters.

██ In cases involving collective bargaining contracts, incompatible principles of local law must give way to the federal labor law. Local 174, Teamsters, Chauffeurs, Warehousemen etc. v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). No such conflict is presented here. Determination of the case under Louisiana Law will not do violation to the national scheme of labor regulation. This is merely a factual dispute regarding the action taken by the employer.

The motion to remand is granted.