Steven **TALBOT** et al., Plaintiffs,

v.

**NATIONAL SUPER MARKETS OF LOUISIANA**, Defendant.

Civ. A. No. 73–3045.

United States District Court,
E. D. Louisiana.

March 12, 1974.

Arthel J. Scheuermann, New Orleans, La., for plaintiffs.

C. Dale Stout, New Orleans, La., for defendant.

ALVIN B. RUBIN, District Judge:

Plaintiffs, several employees and former employees of National Super Markets, originally brought suit for wages due in Louisiana state court, under LSA–R.S. 23:631 et seq. The defendant removed the case to this court, and the plaintiffs have now moved for remand, arguing that their complaint makes out a claim arising only under state law and does not invoke federal jurisdiction. The court has reached a contrary conclusion, but the motion raises complicated issues of federal labor law and deserves treatment at length.

■ The federal removal statute applicable here, 28 U.S.C. § 1441(a), provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . where such action is pending.

Thus any suit commenced in a state court that meets these requirements is subject to removal, even though the complaint may have been drawn to reflect the requirements of a state cause of action; so long as the facts pleaded disclose a federal claim, the defendant may remove it. See 1A Moore's Federal Practice, ¶ 0.160. If, as the defendant argues, the plaintiffs' state court complaint states a cause of action under § 301(a) of the Labor Management Rela-

tions Act, 29 U.S.C. § 185(a), then the action is removable as a matter of right, since that section expressly confers federal jurisdiction. Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 1970, 398 U.S. 235, 90 S.Ct. 1583, fn. 11 at 1589, 26 L.Ed.2d 199. The motion to remand, then, raises the question: is a suit like this one, by individual employees for wages allegedly due under a collective bargaining agreement, a suit under § 301(a) of the LMRA?

Section 301(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

At one time, the Supreme Court read this section to foreclose any suit by a labor union to enforce contract rights—like wages—pertaining to individual members. Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 1955, 348 U.S. 437, 75 S. Ct. 489, 99 L.Ed. 510. This interpretation, however, lasted only seven years; in Smith v. Evening News Association, 1962, 371 U.S. 195, 83 S.Ct. 267, 9 L. Ed.2d 246, the Court expressly disavowed it:

> The concept that all suits to vindicate individual employee rights arising from a collective bargaining contract should be excluded from the coverage of § 301 has thus not survived. The rights of individual employees concerning rates of pay and conditions of employment are a major focus of the negotiation and administration of collective bargaining contracts. Individual claims lie at the heart of the grievance and arbitration machinery, are to a large degree inevitably intertwined with union interests and many times precipitate grave questions concerning the interpretation and enforceability of the collective bargaining contract on which they are based. To exclude these claims from the ambit of § 301 would stultify the congressional policy of having the administration of collective bargaining contracts accomplished under a uniform body of federal substantive law. This we are unwilling to do. 371 U.S. at 200, 83 S.Ct. at 270.

Thus, nothing in the nature of the relief requested by the plaintiffs in this suit precludes their claim from being one under § 301 of the LMRA.

*Smith* comes tantalizingly close to solving the second, and less tractable problem: can a claim for wages brought by *individuals,* not by their union, be considered as a claim under § 301? The case seems to hold that it should be so characterized:

> The same considerations foreclose respondent's reading of § 301 to exclude all suits brought by employees instead of unions. The word "between," it suggests, refers to "suits," not "contracts," and therefore only suits between unions and employers are within the purview of § 301. According to this view, suits by employees for breach of a collective bargaining contract would not arise under § 301 . . ., whereas a suit by a union for the same breach of the same contract would be a § 301 suit ruled by federal law. Neither the language and structure of § 301 nor its legislative history requires or persuasively supports this restrictive interpretation, which would frustrate rather than serve the congressional policy expressed in that section. 371 U.S. at 200, 83 S.Ct. at 270.

*Smith* thus holds that claims by individuals to enforce at least some parts of a collective bargaining agreement are claims brought under § 301. But the Court carefully restricted the scope of its holding to the case before it: "Re-

spondent does not argue here and we need not consider the question of federal law of whether petitioner, under this contract, has standing to sue for breach of the no-discrimination clause nor do we deal with the standing of other employees to sue upon other clauses in other contracts." 371 U.S., fn. 9 at 201, 83 S. Ct. at 270.

The parties have not directed the court to any case that extends the *Smith* doctrine to suits by individuals solely to collect wages under a collective bargaining contract, and the court's independent examination of the case law has not disclosed any. A number of cases have, with *Smith,* recognized the individual's right to sue to enforce other types of clauses and vindicate other rights arising under a collective bargaining contract. See, e. g., Vaca v. Sipes, 1967, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842; Humphrey v. Moore, 1964, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed. 2d 370; Waters v. Wisconsin Steel Works, 7 Cir. 1970, 427 F.2d 476, cert. den. sub nom. United Order of Am. Bricklayers v. Waters, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151; Rothlein v. Armour & Co., 3 Cir. 1968, 391 F.2d 574. In Republic Steel Corporation v. Maddox, 1965, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed. 2d 580, the Supreme Court held that state law claims for wages due under collective bargaining agreements were governed by federal, not state law, and that federal law requires an employee to exhaust the contract grievance procedures before he may sue in court for wages due. While the opinion contains some strong hints that § 301 creates an individual right to sue for wages due under a collective bargaining contract, it does not so hold; the opinion deals only with the requirements of federal labor law, not the scope of federal jurisdiction.

It would, then, be possible for the court in this case to navigate the narrow channel between these cases by constructing a doctrine that would leave simple wage claims in state court, even if they were brought under a collective bargaining agreement, so long as individuals brought them. The line separating wage claims from other claims might be drawn at the point where significant aspects of federal labor policy come into play; a claim for wages, involving no difficult problems of contract interpretation, would not seriously affect national labor policy. Alternatively, the court might leave this suit to the state courts by making the substantive result of *Maddox* a jurisdictional requirement: no plaintiff who fails to allege exhaustion of contract remedies where the contract provides such remedies may invoke the federal jurisdiction conferred by § 301 or have it invoked against him in removal proceedings. Two district courts seem to have used a combination of these two approaches to remand state wage claims. Lambright v. Red Ball Motor Freight, Inc., W.D. La.1971, 335 F.Supp. 28; Centeno v. Puerto Rico Aggregates Company, D.P. R.1970, 312 F.Supp. 907. Some dicta in Lomax v. Armstrong Cork Company, 5 Cir.1970, 433 F.2d 1277, might be read to suggest the latter approach, but the decision really turned on the propriety of summary judgment and did not go to the requirements of pleading in a case like this.

The court declines to remand this case by constructing such a doctrine. As a practical matter, it would be impossible on a motion to remand (or, for that matter, on any motion addressed to the pleadings) for the court to inquire into the requirements of a collective bargaining agreement since the grievance procedures may not be a part of the complaint; the court thus would have no way of knowing precisely what the contract did require by way of exhaustion. For similar reasons, it would be difficult for the court to decide whether or not a

particular wage claim raised "significant" issues of federal law without a thorough examination of the collective bargaining agreement and the facts giving rise to the claim.

Moreover, to carve out individual wage claims as an area for exclusive state jurisdiction would be to create the very anomaly that dictated the Court's holding in *Smith*: a union would be able to gain the relief for its members in federal court that an individual could gain only in state court. The development of a federal labor law is, under § 301 of the LMRA, inextricably linked to the availability of a federal forum, Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, and the court is reluctant to block so firmly the entrance to the federal forum with respect to individual claims for wages under a collective bargaining contract.

■ The court's holding, that the plaintiffs' complaint falls under § 301 of the LMRA and is thus removable, does not mean that the plaintiffs cannot pursue their state causes of action; it simply means that they must pursue them in this forum. To the extent that LSA–R.S. 23:631 et seq. do provide remedies for these plaintiffs, and to the extent that federal labor law has not preempted these remedies, the plaintiffs may invoke the pendent jurisdiction of this court to seek them. It may be that these state remedies are foreclosed by contractual provisions like those in Republic Steel Corp. v. Maddox, requiring arbitration of individual claims under the contract. Cf. United States Bulk Carriers, Inc. v. Arguelles, 1971, 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed.2d 456. But this issue is one, as the court indicated above, best reserved for judgment on the evidence.

For these reasons, the plaintiffs' motion to remand this action to state court is denied.