GLAZIERS, GLASS WORKERS (LOCAL UNION NO. 1928) OF JACKSONVILLE, FLORIDA, affiliate of the Brotherhood of Painters and Allied Trades, AFL–CIO, Plaintiff,

v.

FLORIDA GLASS & MIRROR OF JACKSONVILLE, INC., et al., Defendants.

No. 75–885–Civ–J–T.

United States District Court, M. D. Florida, Jacksonville Division.

Jan. 29, 1976.

Lacy Mahon, Jr., Jacksonville, Fla., for plaintiff.

John Paul Jones, Jacksonville, Fla., for defendants.

ORDER

CHARLES R. SCOTT, District Judge.

Plaintiff, Local 1928 of Glaziers, Glass Workers of Jacksonville commenced three actions on December 2, 1975, in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. In 75–13393 CA, plaintiff brought suit against defendant, Florida Glass & Mirror of Jacksonville, Inc., in 75–13394 CA, plaintiff sued defendant Capitol Glass Company; and in 75–13395 CA, plaintiff brought action against defendant PPG Industries, Inc. In all three actions the Union sought damages and injunctive relief, alleging violative conduct by defendants that constituted unilateral· changes in the terms and conditions of existing collective bargaining contracts. On December 3, 1975, plaintiff's motion to consolidate the cases was granted by the Honorable John E. Santora, Judge of the Fourth Judicial Circuit Court.

Pursuant to 28 U.S.C. Secs. 1441 and 1446, defendants together removed the consolidated actions on December 11, 1975 into the United States District Court for the Middle District of Florida as the instant case. They did so on the authority of Sec. 301 of the Labor Management Relations Act, 29 U.S.C., Sec. 185. On January 5, 1976, plaintiff filed a motion to remand the case to the state court from whence it came, pursuant to 28 U.S.C., Sec. 1447. Plaintiff contends that the consolidated actions in the state court were improvidently removed because the federal court lacks jurisdiction over the instant action since the essential issue in dispute is merely a breach of a collective bargaining contract under principles of state law, and not a substantial question of national labor law.

It is now clearly settled that if a federal district court remands a case that was removed to it from a state court for any reason other than improvident and nonjurisdictional removal, the district court's remand order will be subject to corrective review by the court of appeals, *Thermtron Prods, Inc. v. Hermansdorfer,* 423 U.S. 336, 342, 96 S.Ct. 584, 589, 46 L.Ed.2d 542, 549, 44 U.S.L.W. 4085, 4088 (1976). A heavy docket of cases in the federal district court is not a proper ground for remand. *Id.* at 593, 96 S.Ct. at 593, 46 L.Ed.2d at 554, 44 U.S.L.W. at 4090. On the other hand, if the court lacks jurisdiction over the cause which was removed, it must sua sponte remand to the state court. *Hayes v. C. Schmidt & Sons, Inc.,* 374 F.Supp. 442, 444 (E.D.Pa.1974).

Disputes concerning collective bargaining contracts between labor unions and industries affecting interstate commerce are properly actionable under Sec. 301. *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Such actions stem from, and are controlled by federal law, not state law, because of the primacy of the national labor policy. *Id.* at 456–57,

77 S.Ct. 912. *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machs. & Aerospace Workers,* 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), *aff'g* 376 F.2d 337, 340 (6th Cir. 1967).

The two questions before the Court on this motion to remand are (1) Must the plaintiff's complaint clearly and explicitly invoke Sec. 301 jurisdiction over issues involving federal labor law, in order for the case to be properly removable to federal court? (2) Does this instant action involve a controversy that is controlled by federal labor law, rather than state law?

■ Obviously, it is not necessary for a complaint to expressly declare that the cause of action arises under Section 301 in order for the case to be removable properly to federal court. To so hold would enable a shrewd plaintiff to deliberately circumvent and thwart the jurisdiction of a federal district court through carefully drawn pleadings that omitted any reference to the statutory jurisdictional basis. *Hayes v. Schmidt & Sons, Inc., supra,* at 445 (M.D.Pa.1974). It is the reality of the controversy, not the form of the pleadings, that determine whether the court has jurisdiction under Sec. 301. Issues involving federal labor law are cognizable under Sec. 301, despite the absence of any reference in the complaint to the court's jurisdiction under Section 301. *Hayes v. Schmidt & Sons, Inc., supra,* at 445; *Talbot v. National Super Markets of La.,* 372 F.Supp. 1050 (E.D.La.1974); *Roper Corp., Newark Div. v. Farrow,* 300 F.Supp. 103, 104 (S.D.Ohio 1969). Moreover, such a view would frustrate the preemptive supremacy of federal labor law. *Avco Corp. v. Aero Lodge 735, Int'l Ass'n of Machs. & Aerospace Workers,* 376 F.2d 337, 340 (6th Cir. 1967), *aff'd* 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Hayes v. C. Schmidt & Sons, supra,* at 495; *Roper Corp., Newark Div. v. Farrow, supra,* at 104–05. Hence, if the complaint raises issues involving national labor law, the court's jurisdiction under Sec. 301 is properly invoked for removal.

■ Plaintiff argues that its original complaints alleged simple breaches of contract under Florida law, citing *Lambright v. Red Ball Motor Freight, Inc.,* 335 F.Supp. 28 (W.D.La.1971), where a case that had been removed to federal district court was remanded to state court because it involved a mere violation of the labor contract. *Centeno v. Puerto Rico Aggregates Co.,* 312 F.Supp. 907 (D.PR.1970) held similarly. However, in the complaints plaintiff alleged that defendant has acted so as to unilaterally alter the terms and conditions of the existing contract, with respect to wages and benefits. Such issues clearly involve the federal labor law because if true they would also constitute unfair labor practices, in violation of Secs. 8(a)(5) and (1) [29 U.S.C. Sec. 158(a)(5) and (1)] of the National Labor Relations Board's jurisdiction, *NLRB v. Katz,* 369 U.S. 736, 743, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962); *NLRB v. G.E. Co.,* 418 F.2d 736 (2d Cir. 1969), *cert. den.* 397 U.S. 965, 90 S.Ct. 995, 25 L.Ed.2d 257 (1970), as well as contractual violations under Sec. 301 of the district court's jurisdiction, *Smith v. Evening News Ass'n,* 371 U.S. 195, 197, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Plaintiff cannot seriously deny that it is a labor organization in an industry affecting interstate commerce, nor that defendants are employers in such an industry. There is no question that the dispute in this case raises issues involving the national labor policy and therefore within the court's jurisdiction under Sec. 301. *Boys Mrkts., Inc. v. Retail Clerks Union, Local 770,* 398 U.S. 235, 242, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970); *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 656–57, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Smith v. Evening News Ass'n, supra,* 371 U.S. at 199, 83 S.Ct. 267; *Textile Workers Union v. Lincoln Mills, supra,* 353 U.S. at 456, 77 S.Ct. 912; *Hayes v. C. Schmidt & Sons, Inc., supra,* at 444; *Talbot v. National Super Markets of La., supra,* at 1051, 1052; *Roper Corp., Newark Div. v. Farrow, supra,* at 105; *Berry v. Mich. Bell Telephone Co.,* 319 F.Supp. 401, 402 (E.D.

228

Mich.1967). Insofar as *Lambright v. Red Ball Motor Freight, Inc., supra,* and *Centeno v. Puerto Rico Aggregates Co.,* hold otherwise, they are aberrant from the great weight of decisional authority, and the Court expressly rejects them. Whatever additional state claims plaintiff has it may still pursue under the court's pendent jurisdiction, *Talbot v. National Super Markets of La., supra,* at 1053. Accordingly, it is

ORDERED:

Plaintiff's motion to remand this case is hereby denied.