376 So.2d 516 (1979)
Edward F. MORGAN, III
v.
AVONDALE SHIPYARDS.
No. 10620.
Court of Appeal of Louisiana, Fourth Circuit.
October 4, 1979.
Rehearing Denied November 19, 1979.
George O'Dowd, O'Dowd & O'Dowd, New Orleans, for plaintiff.
Stephen D. Ridley, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant.
Before REDMANN, LEMMON and BOUTALL, JJ.
REDMANN, Judge.
Plaintiff appeals from the dismissal on exception of no cause of action of his action for damages from dismissal without notice *517 from his employment with defendant. The petition alleges that an "Employees Guide" pamphlet constituted his employment contract (in part?), and that it listed "Immediate Discharge Offenses," and that he was not fired for any of those.
Defendant's exception of no cause of action, and the trial judge's explanation of his judgment maintaining it, rely on plaintiff's failure to allege that he was employed for a definite term and on the accepted legal proposition that an employment for an indefinite term is terminable at will by either employer or employee, Pechon v. National Corp. Serv., 1958, 234 La. 397, 100 So.2d 213.
We might agree with plaintiff's analysis that the right to terminate indefinite employment at will and without notice can be altered by contract. Thus if a contract provided that the employment was terminable without cause only upon two weeks' notice, a court would presumably enforce such a provision. However, plaintiff's petition alleges that he was told he was fired for "substandard workmanship", which constitutes a major offense under the "Guide" punishable (alternatively) by discharge even on first offense. Plaintiff does not allege that he was not guilty of the substandard workmanship and therefore he does not allege that he was improperly discharged, other than by inference that "discharge" as a penalty is different from "immediate discharge." As we read the "Guide," however, the "immediate" discharge offenses are those for which there is no alternative to discharge even on the first offense (one might read it "automatic" discharge), while for a "major" offense there is an alternative to discharge on first (but not second) offense. We can find no implied promise not to discharge immediately for a "major offense."
Plaintiff does not argue that on the occasion of his discharge his work was not substandard. He does not ask for leave to amend to so allege, presumably because he cannot prove such an allegation. We therefore do not amend the judgment to grant leave.[1]
Affirmed.
NOTES
[1] We note that, at most, plaintiff's indefinite employment would remain terminable at will, subject only to discharge after reasonable notice rather than immediate discharge. Maximum damages would be wages for the period of reasonable notice.