REDMANN, Judge.
In the contract between defendant employer and its hourly employees’ union in force when plaintiff was an employee, art. XXV(e) expressly obliges the employer to continue in full force the retirement plan. Thus a refusal to pay benefits under the plan would breach the contract.
The present action is for benefits allegedly due to plaintiff under the plan and is therefore a suit on a labor contract within § 305 of the Labor Management Relations Act, 29 U.S.C. § 185. The federal law is that, if a covered contract provides for arbitration of grievances (and failure to pay severance pay is a grievance), the arbitration procedure rather than a judicial proceeding must be pursued; Republic Steel Corp. v. Maddox, 1965, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580. Defendant could have removed this suit to the United States District Court, Talbot v. National Super Markets of La., E.D.La.1974, 372 F.Supp. 1050, but the same law governs although the suit is not removed.
Plaintiff relies on Moore v. Illinois Central R. Co., 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, and Transcontinental & Western Air, Inc. v. Koppal, 1953, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325. Republic, however, 379 U.S. at 655-6, 73 S.Ct. at 907, *1194 observed that diversity cases under the Railway Labor Act presumed state law applicability, while later cases held substantive federal law applicable:
Thus a major underpinning for the Moore case in the field of the Railway Labor Act, and more importantly, in the present context, for the extension of its rationale to suits under § 301(a) of the LMRA, has been removed.
We hold that any such extension is incompatible with the precepts of [Textile Workers U. of Am. v.] Lincoln Mills [1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972] and cannot be accepted.
The judgment appealed from is set aside and plaintiff’s action is dismissed.