BLANCHE, Justice.
Jesse Johnson filed suit against his former employer, Johns-Manville Sales Corporation, for misrepresentation and breach of a retirement plan contract. The trial court rendered judgment in favor of plaintiff in the sum of $2,494.80 per year from October 12, 1972 until his sixty-fifth birthday, and $1,294.80 per year thereafter until death. Damages in the amount of $5,000 were also awarded to plaintiff for misrepresentation, inconvenience and attorney’s fees. On appeal, the Fourth Circuit reversed, 398 So.2d 1193, finding that plaintiff’s suit for benefits under the retirement plan was a suit on a labor contract within § 301(a) of the La *262 bor Management Relations Act, 29 U.S.C. 141 et seq. Under that federal law, if a covered contract provides for arbitration of grievances, the arbitration procedure, rather than a judicial proceeding, must be pursued. The court of appeal ordered the trial court’s judgment set aside and dismissed the plaintiff’s suit.
Jesse Johnson contends that the Johns-Manville retirement plan was in effect for several years prior to the entrance of labor and management into a collective bargaining agreement. Since the agreement, when eventually adopted, made only passing mention of the retirement plan already in effect, plaintiff argues that this retirement plan was not a part of that agreement, and that his action for misrepresentation and breach of contract is not a suit on a labor contract within the provisions of the Labor Management Relations Act. We granted writs to consider this issue.
The facts underlying the instant suit are as follows: Plaintiff began working for Johns-Manville in Marrero in 1946. On October 8, 1970, he was injured in a work-related accident. Plaintiff was 54 years old at the time. Disabled as a result of this accident, plaintiff was placed on medical leave of absence and paid monthly worker’s compensation benefits. Pursuant to company policy, after plaintiff had been on medical leave for two years, his employment was terminated. Notified of his right to apply for retirement benefits following termination, plaintiff met with Darryl Wells, Manager of Employee Relations at defendant’s Marrero plant. Wells allegedly informed plaintiff that he was not eligible for disability retirement payments, but that he was entitled to vested deferred retirement benefits which would commence when plaintiff reached age 65. Plaintiff signed a Notice of Intention to Apply for Vested Deferred Benefits, but consulted an attorney concerning his eligibility for disability payments under the retirement plan. This suit for misrepresentation and breach of contract followed.
Eligibility for disability and vested deferred retirement benefits is governed by the Modified Retirement Plan (MRP) adopted by Johns-Manville in August of 1966, prior to the entrance of defendant’s labor and management into a collective bargaining agreement. At issue is the classification of that Retirement Plan as part of the labor contract adopted by management and labor at the Marrero plant in August of 1970.
Defendant maintains that the existing retirement plan was incorporated into, or made a part of, the collective bargaining agreement adopted in 1970 and in effect at all times pertinent to this case. Although the language of the MRP is not reproduced in that labor contract, Article 25 of the agreement reads:
ARTICLE XXV
BENEFIT PLANS
95. The following Benefit Plans in effect on the effective date of this AGREEMENT shall continue in full force and effect for its duration:
(a) A & H Insurance
(b) Group Life Insurance
(c) Hospitalization Insurance
(d) Surgical Insurance
(e) Retirement Plan
(f) Major Medical Insurance
As noted by the court of appeal, this language expressly obliges Johns-Manville to continue in full effect the existing retirement plan, the MRP. As the MRP is incorporated into the agreement, the employer is unable to revoke or change the terms of that retirement plan for the duration of that contract — a significant employee benefit.
Plaintiff was a Committeeman involved in the negotiations between his union, Local 447 of the Oil, Chemical & Atomic Workers International, and Johns-Manville which resulted in the 1970 collective bargaining agreement. At trial, he testified that certain provisions of the MRP were the subject of contract negotiation. Specifically, the parties discussed lowering the age limit for eligibility for vested benefits. Additionally, *263 the defendant’s Employee Relations Manager in Marrero, Darryl Wells, offered un-contradicted testimony that the MRP formed a part of the collective bargaining agreement. A breach of the MRP, therefore, would constitute a breach of the labor contract.
Where suit for breach of a labor contract is brought against a covered employer (one engaged in interstate commerce) the controlling law is contained in the Labor Management Relations Act, 29 U.S.C. § 141 et seq. The federal law governs whether the action is brought in federal or in state court. Talbot v. National Supermarkets of La., 372 F.Supp. 1050 (E.D.La.1974). Under § 301(a) of that Act, if the collective bargaining agreement provides for arbitration of grievances, a claim for breach of contract must be submitted to the arbitration procedure before a judicial remedy may be sought. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965).
As plaintiff in this case failed to submit his claim for disability retirement benefits to the arbitration procedure set out in Article 19 of the 1970 agreement, his suit in the state district court cannot be maintained. Accordingly, the judgment of the court of appeal dismissing plaintiff’s suit is affirmed.
AFFIRMED.
DIXON, C. J., dissents with reasons.
WATSON, J., dissents.