416 So.2d 637 (1982)
Mary Lucy WILLIAMS, Plaintiff-Appellant,
v.
DELTA HAVEN, INC., Defendant-Appellee.
No. 14917.
Court of Appeal of Louisiana, Second Circuit.
June 15, 1982.
Rehearing Denied July 23, 1982.
Raymond L. Cannon, Tallulah, for plaintiff-appellant.
Leroy Smith, Jr., Tallulah, for defendant-appellee.
Before PRICE, HALL, and JASPER E. JONES, JJ.
*638 HALL, Judge.
Plaintiff appeals from the judgment of the trial court sustaining defendant's exception of no cause of action and dismissing with prejudice plaintiff's suit seeking damages for wrongful termination of employment. We affirm.
In assessing the validity of an exception of no cause of action, the well-pleaded allegations of the plaintiff's petition are accepted as true and the issue is whether plaintiff is afforded any remedy at law under the facts as stated in the petition. Pence v. Ketchum, 326 So.2d 831 (La.1976); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
The following facts as alleged in plaintiff's petition form the basis for her claim for damages. Plaintiff began working for defendant as a nurse's aid in October 1979. On May 6, 1980 plaintiff was discharged on the grounds that she failed to turn the patients as required by policy of the nursing home and refused and failed to change the residents as often as required by the nursing home. Plaintiff is not guilty of the acts for which she was fired. Defendant's personnel policy requires that three warnings be given an employee prior to his discharge and that these warnings be acknowledged by the employee in writing; plaintiff never received any warnings prior to her discharge. Plaintiff sustained damages for loss of wages and for humiliation. The alleged grounds for plaintiff's discharge have disparaged and blackened plaintiff's work reputation.
Where an employee's employment is for an indefinite term, the employment is terminable at the will of either the employer or the employee. Pechon v. National Corporation Service, 234 La. 397, 100 So.2d 213 (1958). Absent a specific contract or agreement establishing a fixed term of employment, an employer is at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge. Jackson v. East Baton Rouge Parish School Board, 393 So.2d 243 (La.App. 1st Cir. 1980); Jackson v. East Baton Rouge Parish Indigent Defender's Board, 353 So.2d 344 (La.App. 1st Cir. 1977), writ denied 354 So.2d 1385 (La.1978); Copeland v. Gordon Jewelry Corporation, 288 So.2d 404 (La.App. 4th Cir. 1974), writ denied 290 So.2d 911 (La.1974). The right to terminate indefinite employment at will can, however, be altered by specific contract or agreement. See Morgan v. Avondale Shipyards, 376 So.2d 516 (La.App. 4th Cir. 1979).
Plaintiff did not allege that she was employed for a specific period of time. Plaintiff's allegation that the defendant failed to comply with its own personnel policy requiring three warnings to an employee prior to discharge does not amount to an allegation that defendant was contractually obligated to her as part of an employment contract to give her the warnings prior to discharge. The petition fails to state a cause of action for wrongful discharge because there is no wrongful discharge when an employee hired without a fixed term or other contractual prerequisite to termination is fired.
Plaintiff argues in the alternative that her petition states a cause of action for defamation. In order to maintain an action in defamation, the following elements must be proven: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980).
Plaintiff did not allege that any defamatory statements were uttered with malice; nor did she allege publication of defamatory remarks. Consequently, plaintiff's petition does not state a cause of action for defamation.
The trial court was correct in sustaining defendant's exception of no cause of action. Because plaintiff's counsel rejected the trial court's offer to allow him to amend the petition, the court properly rendered judgment dismissing plaintiff's action.
For the reasons assigned, the judgment of the trial court sustaining defendant's exception of no cause of action is affirmed at the cost of plaintiff.
Affirmed.