557 So.2d 413 (1990)
Jessie VARNADO
v.
ROADWAY EXPRESS, National Medical Services, Inc.
No. 89-CA-0561.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1990.
*414 Paul J. Galuszka, New Orleans, for plaintiff/appellee Jessie Varnado.
David L. McComb, Chaffe, McCall, Philips, Toler & Sarpy, New Orleans, for defendant/appellee Roadway Exp.
C. Ellis Henican, Jr., Henican, James & Cleveland, Metairie, for defendant/appellant Nat. Medical Services, Inc.
Before GARRISON, KLEES and BECKER, JJ.
BECKER, Judge.
This appeal arises from a suit for wrongful discharge. Plaintiff sued his employer, Roadway Express, alleging that he was wrongfully terminated from his employment because of an inaccurate urinanalysis revealing cannabinoids in his urine. Plaintiff also named as a defendant, National Medical Services, Inc., the laboratory which performed the testing.
Roadway Express brought a motion for summary judgment alleging that plaintiff's action arose under Section 301 of the Labor Management Relations Act, and thus, was barred as the arbitration committee had denied plaintiff's grievance. The trial court granted defendant's motion for summary judgment, and it is from this judgment which plaintiff appeals.
Defendant, National Medical Services, Inc., filed exceptions of lack of personal jurisdiction and no cause of action, alleging that it is a Pennsylvania corporation and does not have sufficient "minimum contacts" with the State of Louisiana to establish jurisdiction. The trial court originally granted defendant's exceptions, but after plaintiff's motion for a new trial, reversed itself and denied defendant's exceptions. National Medical Services, Inc. now, on appeal, seeks reversal of the trial court's judgment.
Plaintiff, Jessie Varnado, was employed by Roadway Express, Inc. as a truck driver. *415 On May 4, 1986, plaintiff was terminated by Roadway Express pursuant to the terms of the collective bargaining agreement between the Teamsters' Union (plaintiff's bargaining representative) and Roadway Express because he tested positive for cannabinoids during his regular recurrent biannual physical examination required by the United States Department of Transportation. Plaintiff filed a grievance over his discharge through his bargaining representative, Teamsters Local 270. The arbitration board (made up of union and management representatives) found against plaintiff and denied his grievance.
On April 21, 1987, the plaintiff filed this lawsuit seeking damages against Roadway Express and National Medical Services, Inc. In his petition, plaintiff alleges four theories of liability: (1) wrongful termination; (2) breach of an implied covenant of good faith and fair dealing; (3) negligence in administration of drug testing; and (4) negligent reliance on test results.
In answer to plaintiff's petition, defendant National Medical Services, Inc. filed exceptions of lack of personal jurisdiction and no cause of action. After a hearing, the trial court maintained the exceptions and dismissed plaintiff's suit. Plaintiff then filed a motion for a new trial, which was granted by the trial court. After a new trial on the exceptions, the trial court denied National Medical Service, Inc.'s exceptions of lack of personal jurisdiction and no cause of action.
Defendant, Roadway Express, on its part, filed a motion for summary judgment alleging that (1) plaintiff's action was preempted by Section 301 of the Labor Management Relations Act; (2) plaintiff's claim was barred as the decision of the arbitration board was final and binding, and (3) even if plaintiff did state a cause of action under Section 301, then the action was prescribed. The trial court, after a full hearing, granted defendant's motion for summary judgment and dismissed plaintiff's claim against it.
On appeal, plaintiff, Jessie Varnado, and defendant, National Medical Services, Inc. seek review of the trial court's judgment. National Medical Services, Inc. argues that the trial judge erred in overruling the exceptions of lack of personal jurisdiction and no cause of action. Plaintiff contends that the trial court erred in finding that his claims against Roadway Express were preempted by Section 301 of the Labor Management Relations Act.
We will address first plaintiff's argument that his claims against Roadway Express are sounded in tort, and not preempted by federal law. Plaintiff contends that he has foregone his claims under the collective bargaining agreement governed by Section 301 in favor of his state law tort claims. However, under Louisiana Law, there is no tort action for the wrongful termination of employment. Absent a specific contract or agreement establishing a fixed term of employment, an employer is at liberty to dismiss an employee at any time for any reason without incuring liability for the discharge. Williams v. Delta Haven, Inc., 416 So.2d 637 (La.App.2d Cir. 1982); Jackson v. East Baton Rouge Parish School Board, 393 So.2d 243 (La.App. 1st Cir.1980); Jackson v. East Baton Rouge Parish Indigent Defender's Board, 353 So.2d 344 (La.App. 1st Cir.1977), writ denied, 354 So.2d 1385 (La.1978); Copeland v. Gordon Jewelry Corporation, 288 So.2d 404 (La.App. 4th Cir.1974), writ denied, 290 So.2d 911 (La.1974). The right to terminate indefinite employment at will can be altered by specific contract or agreement. See Morgan v. Avondale Shipyards, 376 So.2d 516 (La.App. 4th Cir. 1979).
In the present case, plaintiff's term of employment with Roadway Express was for an indefinite period of time. Thus, unless there was an agreement or contract, plaintiff's employment could be terminated at any time for any reason by Roadway Express. However, there was a contract. Roadway Express had entered into a collective bargaining agreement with the Teamsters Union, plaintiff's bargaining representative, which specifically provides guidelines for the termination of employees covered by the agreement. Therefore, for plaintiff to have been wrongfully discharged, *416 Roadway Express must have acted in contravention of the collective bargaining agreement. Even though plaintiff attempts to style his action as one in tort, his claim is really one for breach of contract.
When a suit for breach of a labor contract is brought against a covered employer, the controlling law is contained in the Labor Management Relations Act, 29 U.S.C. 141 et seq. The federal law governs whether the action is brought in federal or state court. Talbot v. National Supermarkets of Louisiana, 372 F.Supp. 1050 (E.D.La.1974); Johnson v. Johns Manville Sales Corp., 409 So.2d 261 (La.1982); Bates v. Foremost-McKesson, Inc., 392 So.2d 389 (La.1980). Under Section 301(a) of that Act, if the collective bargaining agreement provides for arbitration of grievances, a claim for breach of contract must be submitted to the arbitration procedure before a judicial remedy may be sought. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); Johnson, supra at 263; Bates, supra.
Furthermore, where the grievance procedure provides that the decision of the arbitration committee is final and binding, an individual will be precluded from subsequently seeking an adjudication in the courts unless the grievance process has been seriously flawed by the union's breach of its duty to represent the employee honestly and in good faith and without invidious discriminatory or arbitrary conduct. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); Connally v. Transcon Lines, 583 F.2d 199 (5th Cir.1977); Bates, supra.
However, Section 301 does not preempt all state regulation of the substantive provisions of collective bargaining agreements. Allis-Chalmers Corp., v. Lueck, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). But when the
resolution of a state law claim is substantially dependant upon analysis of the terms of an agreement made between parties in a labor contract, that claim must be treated as a § 301 claim, see Avco Corp. v. Aerolodge NO. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), or dismissed as preempted by federal laborcontract law.
Allis-Chalmers, supra at 105 S.Ct. 1916.
Thus, the relevant issue under Allis-Chalmers is whether a determination of the existence and scope of the duty which the defendant allegedly breached is "substantially dependant" upon analysis of the terms of the collective bargaining agreement. Id., Michigan Mutual Ins. Co. v. United Steelworkers, 774 F.2d 104 (6th Cir.1985).
In the present case, we find that Roadway Express's liability in this matter cannot be determined without an analysis of the terms of the collective bargaining agreement, more specifically, the drug testing procedures set forth in the agreement. Plaintiff asserted three claims against Roadway Express in his petition, i.e., wrongful termination, breach of implied covenant of good faith and fair dealing, and negligent reliance on test results. Inherent in all three claims is the allegation by plaintiff that Roadway Express breached its duty in firing him as a result of the drug testing performed as a part of his biannual physical.
The requirement of the physical exam is a part of the collective bargaining agreement between Roadway and the Teamsters Union. Incorporated into the National Master Freight Agreement is the Uniform Drug Testing Procedures. These procedures were adopted by the Teamsters in August 1986. Said procedures discuss the obligations and duties the employer has when requiring the employee to submit to a drug screening. Further, the agreement sets forth in detail the notice to be given to the employee as to the date of the testing, and the exact procedures to be taken in the obtaining and testing of the urine and blood samples.
Clearly, Roadway's duties and obligations in regards to its employees is set out in this agreement. Therefore, in order to determine whether Roadway breached its duties to plaintiff, we must look at the *417 requirements of the agreement and the actions of Roadway taken in the firing of plaintiff. We find that a determination of Roadway's duties, and alleged breach of those duties is "substantially dependant" upon an analysis of the Uniform Drug Testing Procedures.
Accordingly, we affirm the trial court's determination that plaintiff's claims against Roadway Express are governed by section 301 of the Labor Management Relations Act. Further, we affirm the trial court's judgment that as the suit was filed more than six months after the final and binding grievance decision was rendered, plaintiff's claims against Roadway Express have prescribed. See Del Costello v. Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and Daigle v. Gulf States Utilities, 794 F.2d 974, 977 (5th Cir.1986), writ denied, 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986).
Defendant, National Medical Services, Inc., has appealed the trial court's finding that personal jurisdiction exists under the Louisiana Long Arm statute. This statute provides, in pertinent part:
"In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States."
LSA-R.S. 13:3201(B).
This provision was added to the long arm statute in 1987. It was designed to ensure that the long arm jurisdiction of a Louisiana court extends to the limits allowed by due process. See Official Comments, Acts 1987, No. 418.
Now, under the present long arm statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirement of due process, the assertion of jurisdiction is authorized under the long arm statute. The limits of the Louisiana long arm statute and the limits of constitutional due process are now coextensive. Petroleum Helicopters, Inc. v. Avco Corporation, 513 So.2d 1188, 1192 (La.1987).
Under the Due Process Clause of the Fourteenth Amendment, the existence of personal jurisdiction over a defendant depends upon the presence of reasonable notice to the defendant that an action has been brought, Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313-314, 70 S.Ct. 652, 656-657, 94 L.Ed. 865 (1950), and a sufficient connection between the defendant and the forum state to make it fair to require defense of the action in the forum state. Milliken v. Meyer, 311 U.S. 457, 463-464, 61 S.Ct. 339, 342-343, 85 L.Ed. 278 (1940). Also see Kulko v. Superior Court of California, Etc., 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978).
The United States Supreme Court, in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), quoting Milliken v. Meyer, supra, set forth the constitutional standard for determining personal jurisdiction over a defendant:
that a defendant have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice'. International Shoe, supra at 326 U.S. 316, 66 S.Ct. at 158.
An essential criterion in all cases is whether the "quality and nature" of the defendant's activity is such that it is "reasonable" and "fair" to require him to conduct his defense in the forum state. International Shoe Co., supra, 326 U.S. at 316-317, 319, 66 S.Ct. at 158, 159. Accord, Shaffer v. Heitner, 433 U.S. 186, at 207-212, 97 S.Ct. 2569, at 2581-2584, 53 L.Ed.2d 683; Perkins v. Benguet Mining Co., 342 U.S. 437, 445, 72 S.Ct. 413, 418, 96 L.Ed. 485 (1952); Kulko v. Superior Court of California, Etc., 436 U.S. at 93, 98 S.Ct. at 1697, 56 L.Ed.2d 132 (1978).
Jurisdiction is proper "where the contacts proximately results from actions by the defendant himself that create a `substantial connection' with the forum state." Asahi Metal Ind. v. Super. Ct. of Col., Solano County, 480 U.S. 102, 107 S.Ct. 1026 at 1031, 94 L.Ed.2d 92 (1987), quoting *418 Burger King v. Rudzewicz, 471 U.S. 462, at 475, 105 S.Ct. 2174, at 2183, 85 L.Ed.2d 528 (1985), quoting McGee v. International Life Ins. Co., 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957).
In Burger King, the United States Supreme Court defined the "substantial connection" necessary for a finding of minimum contacts as "actions of the defendant purposefully directed toward the forum State." Burger King, supra, 471 U.S. at 476, 105 S.Ct. at 2184 (1985). These actions must reflect a means of business contacts of a continuous and systematic nature. Asahi Metal Ind. Co. v. Superior Ct. of Col., Solano Country, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 104 S.Ct. 1868 80 L.Ed.2d 404 (1984); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
We do not find that the defendant, National Medical Services, Inc., has acted in any manner which would suggest an intent to purposefully avail itself of the benefits of doing bussiness in Louisiana. Where a non-resident defendant protests the exercise of personal jurisdiction, the burden falls upon the plaintiff to establish that personal jurisdiction exists. See Rittenhouse v. Mabry, 832 F.2d 1380 (5th Cir. 1987), and Simmons v. Seatide International, Inc., 693 F.Supp. 510 (E.D.La.1988). Plaintiff, Jesse Varnado, has not produced any counter-affidavits refuting the documentation produced by National Medical Services, Inc. The affidavit of Fredric R. Rieders, president of NMSI, clearly states that National Medical Services, Inc. is a Pennsylvania corporation, and has never and does not now have an office or facility in the State of Louisiana. Further, NMS has never, and is not now, registered, qualified or licensed to business in the State of Louisiana. Nor has it appointed an agent for service of process in Louisiana.
National Medical Services does not solicit any business in Louisiana. Its business is obtained through word-of-mouth referrals. NMSI does not employ any agents, independent contractors or employees to conduct any business on its behalf in the State of Louisiana. In fact, the plaintiff's urine sample was obtained by his own physician, Dr. Segura, and sent to NMSI in Pennsylvania. All laboratory testing was performed in Pennsylvania. Clearly, defendant National Medical Services, Inc. has not maintained any sufficient continuous business contacts to establish an intent to purposefully avail itself of the benefits of doing business in Louisiana.
Therefore, we must find that the trial court erred in denying National Medical Services, Inc.'s exception of lack of personal jurisdiction. The trial court's judgment is hereby reversed. The defendant's exception of lack of personal jurisdiction is maintained, and plaintiff's action against National Medical Services, Inc. is dismissed.
As we have maintained defendant's exception of lack of personal jurisdiction, there is no need to discuss its exception of no cause of action.
Accordingly, the judgment of the trial court granting Roadway Express's motion for summary judgment is hereby affirmed and the judgment of the trial court denying National Medical Services, Inc.'s exception of lack of personal jurisdiction is hereby reversed.
AFFIRMED IN PART; REVERSED IN PART.