| iWALTZER, Judge.

STATEMENT OF THE CASE

The plaintiff, a Honduran citizen, filed suit alleging injuries sustained while in defendant-relator’s employ in Dubai, U.A.E. The relator filed an exception of lack of personal jurisdiction which was overruled, and seeks this court’s supervisory jurisdiction to reverse that ruling. We grant writs to consider relator’s due process argument, and affirm the trial court’s judgment.

STATEMENT OF FACTS

According to respondent, Daniel Talbot issued a letter addressed “To Whom it May Concern” in order to have the plaintiff brought to New Orleans to be processed for his employment with the relator. The letter, on Zapata Gulf Crews, Inc. stationery, bearing a telephone number in area code 504 (southeast Louisiana), was evidence that the relator was operating in Louisiana and that Talbot was holding himself out as the relator’s personnel manager. On deposition, Talbot admitted the letter was generated in his office in Harvey, Louisiana. The letter was evidently vital to the process of the plaintiff obtaining, a visa to leave Honduras and come to Louisiana for employment. The plaintiff was required to go to Louisiana for processing, where he was cleared by Talbot, and remained in New Orleans until he was flown to Dubai. The relator is a Panamanian corporation, but the only office it maintains in Panama is an attorney’s office. Recording to the articles of incorporation the relator’s business purpose is to “contract and employ crew members to work on tug boats and supply vessels.” The plaintiff flew from New Orleans to Dubai where he was subsequently injured.

ANALYSIS

As the limits of Louisiana’s Long Arm Statute (LSA-R.S. 13:3201) and the limits of constitutional due process are co-extensive, the sole inquiry into “jurisdiction over a non-resident is a one-step analysis of the constitutional due process requirements.” /. Wilton Jones Co. v. Touche Ross & Co., 556 So.2d 67, 68 (La.App. 4 Cir.1989); Superior Supply Co. v. Associated Pipe and Supply Co., 515 So.2d 790, 792 (La.1987).
Due process requires that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The rule of International Shoe has continued to remain viable and integral in due process analysis of the exercise of personal jurisdiction. See Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
In interpreting the due process clause, the United States Supreme Court has recognized a distinction between two types of personal jurisdiction — “general” and “specific” jurisdiction. Burger King, 471 U.S. at 473, n. 15, 105 S.Ct. at 2182, n. 15. “It has been said that when a State exercises personal jurisdiction over a | 3defendant in a suit arising out of or related to the defendant’s contacts with the forum, the State is exercising ‘specific jurisdiction’ over the defendant.” Id. at n. 8. But when a State exercises personal jurisdiction over a defendant in a suit not arising out of -or related to the defendant’s contacts with the forum, the *209 State has been said to be exercising “general jurisdiction” over the defendant. Id., at n. 9.
Where a forum seeks to assert specific jurisdiction over an out of state defendant who has not consented to suit there, the requirement of meaningful contacts is satisfied if the defendant has purposefully directed his activities at residents of the forum, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), and the litigation results from alleged injuries that arise out of or relate to those activities. Burger King Corp. By requiring that a defendant must have purposefully availed himself of the privilege of-conducting activities within the forum state, thus invoking the benefits and protections of its laws, the requirement ensures that he will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person. Asahi; Burger King. Thus, where the defendant deliberately engaged in significant activities within a state, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum’s laws it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum as well. Asahi; Burger King.
The burden of showing minimum contacts lies with the party claiming jurisdiction to be proper. Once this burden is met, a presumption of reasonableness of jurisdiction arises. The burden then shifts to the party opposing [¿jurisdiction to prove that the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome .the presumption of reasonableness created by the defendant’s minimum contacts with the forum, de Reyes v. Marine Management and Consulting, Ltd, 586 So.2d 103 (La. 1991).
In Varnado v. Roadway Exp., 557 So.2d 413 (La.App. 4 Cir.1990), this court found that the facts did not satisfy the minimum contacts necessary to maintain personal jurisdiction over a non-resident defendant. The plaintiff had sued his employer alleging he was wrongfully terminated because of an inaccurate urinalysis. Plaintiff also named as a defendant National Medical Services, Inc., the laboratory which performed the testing. The plaintiff’s urine sample was obtained by plaintiff's own physician and sent to National Medical Services, Inc. in Pennsylvania for testing. All laboratory testing was done in Pennsylvania. This court found that the defendant, National Medical Services, Inc., was not subject to the personal jurisdiction of the court, concluding that the defendant had not acted in any manner which would suggest an intent to purposefully avail itself of the benefits of doing business in Louisiana. The court noted that defendant was a Pennsylvania corporation, and had never had an office or facility in the state of Louisiana. The defendant had never been registered, qualified or -licensed to- do business in Louisiana, nor had it appointed an agent for service of process in Louisiana. The defendant did not solicit any business in Louisiana. Its business was obtained through word of mouth referrals. National Medical Services, Inc. did not employ any agents, independent contractors or employees to conduct any business on its behalf in the state of Louisiana.
| sIn this case, the relator established an office in Louisiana and recruited employees from that office. A letter which facilitated the plaintiffs employment with the company was mailed from the Louisiana office. The plaintiff came to Louisiana to be processed as an employee and Louisiana was the point of embarkation for his overseas assignment. These facts are sufficient to establish minimum contacts for specific jurisdiction. We therefore find no error in the trial court’s denial of the exception to the court’s jurisdiction and affirm.

WRIT GRANTED. JUDGMENT AFFIRMED.