ON REHEARING

JaSCHOTT, Chief Judge.
On the plaintiffs application we granted a rehearing in order to reconsider the conclusion we reached in the original opinion that plaintiff failed to carry her burden of proof that Tidewater Crewing had sufficient minimum contacts with Louisiana to subject it to a personal judgment here. Plaintiff argues that her position is supported by this court’s decision in Davis v. Glen Eagle Ship Mgmt. Corp., 97-0878 (La.App. 4 Cir. 8/27/97), 700 So.2d 228 and Bodden v. Zapata Gulf Marine Corp., 95-2743 (La. App 4 Cir. 2/15/96), 673 So.2d 206.
In Davis, the court found that the defendant maintained contacts with and directed its activities towards citizens of Louisiana with the result that in four years 116 or 1380 seamen were hired from Louisiana. Defendant paid New Orleans doctors for physical examinations conducted on the seamen who were selected by the seamen’s union. The union maintained a regional office in New Orleans. Defendant provided airline tickets for the seamen at the New Orleans International Airport and it began to pay the Louisiana seamen from their first day to travel in Louisiana.
lain Bodden, the defendant established an office in Louisiana and recruited employees from that office. Plaintiff came to Louisiana to be processed as an employee and Louisiana was his point of embarkation for his overseas assignment.
In the present case plaintiff relies exclusively on her own affidavit in which she states that her late husband told her in late 1991 that he was going to New Orleans to apply for a job with Tidewater Marine, that he went to New Orleans for a job interview with Tidewater Marine and that he had a physical examination at Tidewater Marine’s clinic in New Orleans.
In an affidavit filed by Tidewater Crewing, its assistant secretary referred to Tidewater Marine as its agent but he stated that Tidewater Marine only assisted employees of Tidewater Crewing in obtaining visas and making travel arrangements. He also stated that Tidewater Marine used a letterhead of Tidewater Crewing with the New Orleans address of Tidewater Marine in connection with obtaining visas and arranging travel for the seamen.
Unlike Davis and Bodden, plaintiffs husband’s point of embarkation from the United States was Austin, Texas, not New Orleans. Unlike Davis plaintiff failed to show that a significant number of the seamen employed by Tidewater Crewing were recruited in Louisiana by Tidewater Marine. Finally, there is no evidence to show that Tidewater Crewing had an office in Louisiana as did the defendant in Bodden.
Having concluded once again that plaintiff failed to carry her burden of proof of minimum contacts by Tidewater Crewing with Louisiana we reinstate our original opinion.
REINSTATE ORIGINAL OPINION.
MURRAY, J., dissents with reasons.