BAILES, Judge.
Plaintiff appeals from the judgment of the district court sustaining an exception of no cause of action filed by defendants and dismissing his demands. We find the judgment is correct, and we affirm.
On hearing in the trial court, the defendant offered in evidence, and such was received apparently without objection by the plaintiff, as the minutes of the court contain no objection by the plaintiff, the *527 operating agreement between defendant, Kaiser Aluminum & Chemical Corporation (Kaiser) and defendant, Federated Aluminum Council of Baton Rouge, Louisiana (Council), and a certified copy of an action filed by plaintiff against Kaiser in the federal district court and the judgment rendered therein.
Even though these filings were received without objection of the plaintiff, we will not consider their contents. LSA-C.C.P. Article 931 provides, inter alia, “ * * * No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.”
Under the Official Revision Comments of that article the following is found:
“(c) This article retains the rule that no evidence is to be admitted at any time to support or controvert the objection that the petition fails to state a cause of action.”
There is no procedural rule better established in our law than that an exception of no cause of action admits all facts well pleaded. We will not consider the filings above referred to even though admitted without objection of the plaintiff.
We must note also that both plaintiff and defendant Kaiser in their briefs discuss facts completely dehors the record. We will consider nothing beyond the four corners of the petition of the plaintiff in passing on the sufficiency of the plaintiff’s petition to state a cause of action.
By this action the plaintiff seeks to recover judgment against both Kaiser and the Council, in solido, for wages accrued to the date of the filing of the petition and continuing at the rate of $476.10 per month until paid based on the following allegations.
The facts alleged in his petition pertinent to the pleading of a cause of action against the defendants are: That plaintiff prior to June 1, 1960, was employed at Kaiser’s Baton Rouge works with nearly eleven years seniority, under the terms of an agreement between Kaiser and the Council; that on or about June 1, 1960, plaintiff was laid off as a part of a general reduction of work force; that under the union agreement, plaintiff was to retain his seniority for a period of two years after the layoff; that on or about July 19, 1961, petitioner was notified to apply for reinstatement and re-employment with Kaiser, and that on July 21, 1961, petitioner applied for such restatement of his job.
Plaintiff further alleges that he was denied reinstatement by Kaiser on the stated ground that he refused to go back to work without just cause; and (Article 9) “(T)hat petitioner followed the grievance and arbitration procedure of said contract and appeared before the Joint Committee on Contract Administration consisting of eight members, four appointed by defendant, Kaiser Aluminum & Chemical Corporation, and four appointed by defendant, The Federated Aluminum Council, Inc. (Article 10) That said Joint Committee on Contract Administration failed to follow the reporting procedures required by Article 15, Step 3, page 16 of said agreement between Kaiser * * * and Council, Inc., in effect at that time. (Article 11) That further petitioner was not given a fair hearing or investigation of his case in that a chief witness against him did not appear and testify and confront the petitioner. * * * (Article 17) That petitioner never refused to go back to work or to refuse his recall privileges and has at all times and does now stand willing and ready to go back to work on his j ob.”
In his brief, plaintiff contends the trial court erred in holding that it could not review the decision of the arbitration committee, and that, plaintiff-appellant had no cause of action, and also the trial court erred in holding that he had no right to sue defendants for breach of contract.
We will consider and dispose of the question of the court’s holding that plain *528 tiff had no right to sue defendants for breach of contract. It is not our understanding, gained from our consideration of the record, that the trial court held plaintiff had no right to sue the defendants for breach of contract. The only allegation of the plaintiff relative to such contention is the following:
“18.
“That in refusing him rehiring and reinstatement of seniority rights defendant Kaiser Aluminum & Chemical Corporation wrongfully, arbitrarily and capriciously violated the terms of said union labor agreement of which your petitioner was and is beneficiary.”
The above quoted article of plaintiff’s petition is nothing more than a conclusion of fact of the pleader and in no manner states a cause of action. The question of whether the plaintiff’s petition states a cause of action is the only thing before the court at this time, and was the only question before the trial court.
We find no merit to the position of the plaintiff on this point, and we do now pass to a consideration of the other point raised by plaintiff.
As this is a matter involving a labor grievance and dispute, it appears to us that federal substantive law, and not state law, must govern and determine the issue involved herein. Textile Workers Union of America v. Lincoln Mills of Ala. (1957) 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972. Also see Local 174, Teamsters, etc. v. Lucas Flour Company (1962) 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593.
On considering as true the well pleaded facts above set forth and extracted from plaintiff’s petition, we are informed that petitioner was a member of a labor union which was a participant in The Federated Aluminum Council, Inc. — Kaiser Aluminum & Chemical Corporation agreement, and that the agreement or contract just referred to provided certain grievance and arbitration procedure. In plaintiff’s effort for reinstatement on his job some sort of dispute arose between plaintiff and Kaiser and reinstatement was denied. The result of the hearing under the grievance and arbitration procedure of the union contract, the position and contention of Kaiser, the employer, was upheld, and plaintiff was not restored to his job.
Under the facts alleged, it is quite clear that the question for decision is whether the plaintiff, after exhausting all remedies for reinstatement on his job under the grievance and arbitration procedures of the Council-Kaiser contract have failed, may resort to the courts to compel Kaiser to reinstate him.
We feel that in view of the absence of any allegation in his petition to the contrary, we may assume that the appellee exhausted all his contractual remedy, or all contractual remedy vicariously entered into for him.
The case of Haynes v. United States Pipe & Foundry Company (1966), 5 Cir., 362 F.2d 414, is determinative of the question posed for our decision. In the Haynes case, the petitioner sought to recover judgment against his former employer for his alleged illegal discharge. The agreement between the employer and the Union provided a five-step grievance procedure. The first four steps were followed in the processing of petitioner’s grievance, however, the union did not invoke the fifth step which involved the procedure of an official of the union notifying the plant manager that unless employee was reinstated, the union would strike. This suit followed the completion of the first four steps.
In passing on the merits of the action the court in the Haynes case stated:
“(1) The common theme of these (cited) cases is that when a dispute arises within the scope of a collective bargaining agreement, the parties are relegated to the remedies which they provided in *529 their agreement. The full impact of this doctrine was reached in Republic Steel Corp. v. Maddox, supra, where it was held that the individual employee is hound by the remedy selected by the union as his agent. In that case an employee sued in the Alabama state courts for severance pay and was successful. The Supreme Court reversed on the ground that the applicable collective bargaining agreement provided for an arbitration remedy which he had not pursued. The court held that his claim was barred by virtue of the remedy of the agreement. It was his exclusive remedy under the circumstances.
* * * * * *
“(3,4) The fact of the matter here is that the union processed appellant’s grievance up to the point of striking. The denial of his claim then became final. We believe the law to be that his claim was thereby barred. * * * The action under the grievance procedure, here a final decision under the terms of the agreement may be asserted in bar as an affirmative defense. That is this case, and thus it must be affirmed. * *.
“Appellant does not contend that the union did not faithfully represent him. See Humphrey v. Moore, supra, on the duty of the union to do so. He does not charge fraud on the part of either the company or the union. This is a rim-of-the-mine case where the grievance procedure was followed and the adverse decision against appellant became final. Being dissatisfied, he sought to start anew in the fact of the bar of the final decision under the grievance procedure. This he may not do under the current status of federal labor law as we understand it.'
As a member of the union represented by The Federated Aluminum Council, Inc., the plaintiff, acting through his agent, the union, contracted for the settlement of his dispute under the terms of the arbitration provisions of the agreement. He alleges no facts to support either a charge of fraud or unfaithful representation by the union or the council, accordingly, the plaintiff has failed to allege a cause of action.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.