381 So.2d 1297 (1980)
Jon J. DAVIS
v.
Earnest and Opal MOREAU and Allstate Insurance Company.
No. 10805.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1980.
Rehearing Denied April 18, 1980.
*1298 Robert J. Caluda and James E. Shields, New Orleans, for Jon J. Davis, plaintiff-appellant.
Daniel R. Hynes, Robert F. Lakey, Porteous, Toledano, Hainkel & Johnson, New Orleans, for Earnest Moreau, Opal Moreau and Allstate Ins. Co., defendant-appellees.
Before BOUTALL, SCHOTT and CHEHARDY, JJ.
BOUTALL, Judge.
This is an appeal from a judgment maintaining an exception of no cause of action. Appellant puts at issue both error in maintaining the exception and alternatively permission to amend. We affirm.
Plaintiff, John J. Davis sued Earnest and Opal Moreau and their insurer, Allstate Insurance Company for personal injuries and damages caused by his being shot on the Moreau premises. His petition alleges: That the Moreaus are the owners of 2503 Claire Ave., Gretna, Louisiana, and Allstate insured them under a Home Owners Liability policy; that plaintiff, an off-duty police officer for the City of Gretna was summoned to the premises by a resident named Merrill Simmons and was shot by Simmons; that the Moreaus allowed Simmons to reside at the premises and that they were negligent "for allowing a person of unruly characteristics, suicidal tendencies and a weapon to be in defendant's premises * *".
The defendants filed the peremptory exception of no cause of action (C.C.P. Article 927) which the trial judge sustained, dismissing plaintiff's suit. C.C.P. Article 934. It is basic that the validity of the exception stands upon the allegations of the petition and no evidence may be introduced in connection with the exception. C.C.P. Article 931.
The liability of the landowner in this case is based on the concept of fault under *1299 Articles 2315 and 2316 of the Louisiana Civil Code. The principles regulating the determination of that liability are succinctly set out in the case of Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976). The proper test to be applied is "whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others". In its further consideration of the duty owed by the landowner under the duty-risk approach, the court further stated at p. 410:
"In making this determination, the following inquiries must be made: (1) What, if any, duty was owed by the landowner to the plaintiff? (2) Was there a breach of this duty? (3) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?"
Under the allegations detailed above, we cannot see any special duty owed by the Moreaus to Davis because of simply allowing a person with unruly characteristics, suicidal tendencies and a weapon to be on their premises, in the absence of any showing of a special relationship between the Moreaus and Simmons, or extraordinary circumstances which may indicate that the Moreaus knew or should have known that Simmons may shoot Davis. We would thus agree with the trial judge's maintaining the exception of no cause of action, and now pass to a consideration as to whether dismissal was proper, or whether the ground of the objection may be removed by amendment under C.C.P. Article 934.
To support amendment, the appellant would offer the following facts. Prior to the incident, Opal Moreau permitted Merrill Simmons and her daughter to gratuitiously reside with her. On the day in question, Simmons attempted to take his own life and began discharging firearms in the Moreau residence. Consequently, police were called to the scene and surrounded the residence in an effort to subdue Simmons and avert further damage. Plaintiff Davis, a Gretna policeman who was off duty, resides across the street at 2502 Claire Avenue. After the police were called, Simmons requested that Davis be brought to the site so that he may speak with him. Wishing to assist, Davis complied with Simmons' request and prudently attempted to talk Simmons into surrendering; while attempting to persuade Simmons to cease the disturbance, Davis was shot. Additionally, plaintiff would add that Opal Moreau knew that Simmons had attempted suicide previously, that he had an extensive record of violent criminal activity, and that he maintained his firearms at her residence.
Under this set of facts, it would appear obvious that the shooting would not have occurred on the premises had Simmons not been on the premises or if he had no weapon. At the same time, there is no contention that Simmons was attempting to harm anyone other than himself in his suicidal attempt. At the time action became necessary, the landowner did what his duty required, that is, called the police. Davis came in response to a summons from Simmons, not from the landowner. There was no hidden hazard or trap of which the landowner was aware, and the plaintiff was not aware. We are impressed with the statement in Shelton v. Aetna Casualty & Surety Company, supra, at page 410:
"The duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. Thus the landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner."
Accordingly, we conclude that even under the allegations of fact offered in amendment of the petition, there would be no breach of duty on the part of the landowner, and we affirm the dismissal of plaintiff's petition.
AFFIRMED.