PONDER, Judge.
This is a suit for damages for wrongful firing. The trial court sustained an exception of res judicata and plaintiff appealed.
The issue is whether there was an identity of parties.
We reverse and remand.
Plaintiff, a member of Teamsters Local 270 which had a collective bargaining agreement with defendant, was discharged because of negligence resulting in damage to company property. The local filed a grievance and went through the arbitration provided for in the contract; the grievance was denied. Plaintiff later filed this suit, defendant raised the exception of res judi-cata which was sustained.
In order for res judicata to apply in Louisiana there must be identity of the parties, identity of the cause, and identity of the thing demanded. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978). Res judicata is strictly and narrowly interpreted in this state.
*479 The award of an arbitrator has the effect of a final judgment and can be the basis of an exception of res judicata in a suit between the parties to the arbitration. Bergeron v. Gassen, 185 So.2d 106 (La.App. 4th Cir. 1966) and Housing Authority of New Orleans v. Henry Ericsson Co., 2 So.2d 195, 197 La. 732 (La.1941).
However, plaintiff was not a party to the arbitration. The arbitration was between the parties to the collective bargaining agreement, the union and the defendant. Plaintiff was not a party to this contract and could not have brought the matter to arbitration himself under the terms of the contract; only the union had the authority to do so. It is true, as appellee contends that if the local had been acting as the agent for plaintiff in the arbitration, the parties would be the same. It is also true that plaintiff was the object of the arbitration. However, we do not believe that the local was acting as the agent for plaintiff as that term is normally understood. The local was a party to the collective bargaining agreement, it could invoke the arbitration procedure. Plaintiff could not. The local had an interest in the grievance procedure beyond the welfare of plaintiff individually. Any doubt that it was acting solely as plaintiff’s agent and representative has to be resolved against appel-lee.
The judgment of the trial court is reversed at appellee’s costs. The matter is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.