392 So.2d 389 (1980)
Francis M. BATES
v.
FOREMOST-McKESSON, INC.
No. 67724.
Supreme Court of Louisiana.
December 15, 1980.
John Schauer, Charles C. Jackson, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., David Donnell Moss, Hebert, Moss & Broussard, Baton Rouge, for defendant-applicant.
Ralph Brewer, Michael W. McKay, Baton Rouge, for plaintiffs-respondents.
*390 Randall J. Wells, Avant, Wall, Thomas, Riche & Falcon, for amicus curiae.
MARCUS, Justice.
Francis M. Bates filed this action against his former employer, Foremost-McKesson, Inc., for damages resulting from the wrongful termination of his employment with said corporation.
Plaintiff alleged in his petition that he was employed as a truck driver and warehouseman by defendant when discharged as a result of an accident involving his alleged negligence in the operation of his truck. During his employment, plaintiff was a member of the General Truck Drivers, Chauffeurs, Warehousemen and Helpers, Local 270, hereinafter referred to as union, which had a collective-bargaining agreement with defendant corporation in effect at the time of his discharge. Plaintiff further alleged that he was discharged in violation of this agreement, specifically Article VII thereof, in that he was not negligent in the operation of his truck. The agreement recognized the union as the exclusive bargaining agent for plaintiff and other employees in his job classification and set forth a grievance procedure to be utilized by disciplined and discharged employees. Plaintiff filed a grievance contesting his discharge, thereby formally requesting the union to represent him in the proceedings. When no satisfactory adjustment of the grievance was concluded, the union pursued the matter to arbitration. The arbitrator found that plaintiff was discharged for "just cause." Thereafter, the instant suit was filed.
Defendant corporation filed exceptions of no right of action, no cause of action and res judicata, urging that in view of the arbitration award, plaintiff had no right or cause of action and the dispute between the parties was res judicata. The trial judge sustained the exception of res judicata. Plaintiff appealed. The court of appeal reversed, holding that since plaintiff was not a party to the prior arbitration proceeding conducted under the collective-bargaining agreement, the arbitrator's decision was not a res judicata bar to the present suit.[1] Upon defendant's application, we granted certiorari.[2] Finding that the exception of no cause of action should be sustained, we reverse the judgment of the court of appeal and remand to the district court for further proceedings consistent with the views hereinafter expressed.
At the outset, we recognize that this action, alleging a breach of a collective-bargaining agreement, arises under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1976), which provides:
Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
While this statute confers upon federal district courts jurisdiction to hear cases involving a breach of a labor contract, the United States Supreme Court has held that they are not endowed with exclusive jurisdiction over § 301(a) suits; actions to enforce collective-bargaining agreements may be brought in either state or federal court. Charles Dowd Box Co., Inc. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). However, in the interest of uniform labor policies, the Supreme Court has made it clear that the federal substantive law and not state law should govern the rights of the parties in a § 301(a) dispute. Teamsters Local v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); Textile Workers v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957). Therefore, whether or not plaintiff is entitled to seek judicial relief in the instant case will be determined under principles of federal labor law.
*391 National labor policy, as embodied in the Labor-Management Relations Act, contemplates that the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement should be one agreed upon by the parties and set out in the agreement itself.[3] 29 U.S.C. § 173(d) (1976). Accordingly, when a dispute arises within the scope of a collective-bargaining agreement, the parties are relegated to the remedies provided in their contract. The courts have given this policy effect by concluding that an individual employee wishing to assert a contract grievance may not bring a court action against his employer for breach of contract without first resorting to the procedures agreed upon by the employer and union as the mode of redress. Republic Steel v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); Piggly Wiggly, Inc. v. Piggly Wiggly Warehouse Independent Truck Drivers Local No. 1, 611 F.2d 580 (5th Cir. 1980); Lomax v. Armstrong Cork Company, 443 F.2d 1277 (5th Cir. 1970); Haynes v. U. S. Pipe and Foundry Co., 362 F.2d 414 (5th Cir. 1966). Furthermore, where the grievance procedure provides that the decision is final and binding, an individual will be precluded from subsequently seeking an adjudication in the courts unless the grievance process has been seriously flawed by the *392 union's breach of its duty to represent employees honestly and in good faith and without invidious discriminatory or arbitrary conduct. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); Connally v. Transcon Lines, 583 F.2d 199 (5th Cir. 1978); Lomax v. Armstrong Cork Company, supra. Preclusion of judicial review is necessary for reasons stated by the United States Supreme Court in Republic Steel v. Maddox, supra:
A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. In addition to cutting across the interests already mentioned, it would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.
In the instant case, the grievance procedure decided upon by defendant corporation and the union to settle contract disputes was that of arbitration. The arbitrator found just cause to discharge plaintiff under the terms of Article VII of the collective-bargaining agreement. Article VII further provides that "his [the arbitrator's] decision shall be final and binding on both parties," clearly indicating that judicial adjudication of the controversy was not contemplated by the parties to the agreement absent an allegation of unfair representation by the union during the arbitration procedure. Plaintiff's original and supplemental petitions make no such allegation. Therefore, we conclude that plaintiff's petition seeking damages for his wrongful discharge fails to disclose a cause of action upon which relief can be granted. La.Code Civ.P. art. 927; Davenport v. Kaiser Aluminum & Chemical Corp., 206 So.2d 526 (La. App. 1st Cir. 1968).
Because counsel for plaintiff in argument before this court stated that, if we conclude that plaintiff's petition fails to state a cause of action he may wish to amend and assert that the union unfairly represented plaintiff in the arbitration procedure, we must, in sustaining the exception, order such amendment within a certain delay; if the grounds of the objection cannot be so removed or if plaintiff fails to comply with the order to amend, the action shall be dismissed. La.Code Civ.P. art. 934.[4]

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The exception of no cause of action is sustained allowing plaintiff thirty days from the finality of this decision to amend his petition in the district court to state a cause of action; otherwise, the action shall be dismissed. The case is remanded to the district court for further proceedings in compliance with the order of this court.
DIXON, C. J., concurs in part and dissents in part with reasons.
LEMMON, J., concurs and assigns reasons.
DIXON, Chief Justice (concurring/dissenting).
I concur with the majority opinion, except that portion which reserves to plaintiff the right to amend and expand his pleadings. In my view, the federal law makes the union the exclusive agent in this case to pursue a grievance against the employer. Res judicata should protect the employer against relitigation of the same issues. For the purposes of res judicata the agent and the principal are identical parties in the *393 arbitration and litigation. If there should exist a claim by plaintiff for "unfair representation" by the union, he had an action available to him, directly against the union, which he did not bring.
LEMMON, Justice, concurring.
Plaintiff concedes he has no cause of action if this is a Section 301(a) case.
In the absence of a collective bargaining agreement defendant could have fired plaintiff without cause. Therefore, plaintiff's right to demand damages for wrongful termination could only arise under the contract, since he otherwise had no right to demand continuation of employment.
This suit alleging violation of the collective bargaining agreement is therefore clearly a Section 301(a) case, and plaintiff's petition fails to state a cause of action.
NOTES
[1] 385 So.2d 478 (La.App. 1st Cir. 1980).
[2] 386 So.2d 360 (La.1980).
[3] The applicable provision of the collective-bargaining agreement in the instant case is Article VII which states:

ARTICLE VII DISCIPLINEGRIEVANCESARBITRATION
The Company shall not discipline or discharge any employee without just cause and shall give at least one warning notice of the complaint in writing against such employee, such warning notice shall be retained for one year, except that no warning notice need be given to an employee before he is discharged if the cause of such discharge is dishonesty, use of alcoholic beverages while on duty, reporting to work under the influence of alcohol, narcotics, "RX" stimulants or hypnotics, recklessness or negligence resulting in a serious accident or serious damage to company property, carrying of unauthorized passengers or failure to report an accident. Violation of other Company rules may also be subject to discipline or discharge without warning if the offense warrants such action. It is agreed by the Company and the Union that all grievances shall be settled in the shortest possible time. The Union shall be represented by a committee composed of not more than two (2) active employees, members of the Union, having a minimum of one (1) year's service with the Company and, in addition, if desired, one (1) official of the Union. Any assignment of work over which a controversy has arisen shall be carried out until the controversy is settled through the following procedure:
FIRST STEP: If an employee has a grievance, he will consult his supervisor for clarification within three (3) workdays of the alleged occurrence of the grievance. If the employee wishes, he may have a Union representative accompany him through the various steps. His supervisor shall attempt to adjust the complaint within two (2) workdays from the date he is notified that the grievance exists. The supervisor's decision shall be final and unappealable to Step 2 unless appealed in writing within three (3) workdays from the date decision is given under this Step.
SECOND STEP: If the employee and the supervisor do not reach an agreement, the matter shall be reduced to writing by the employee, copies of which shall be sent to the Company and the Union. The Company shall attempt to adjust the complaint and shall reply in writing not later than three (3) workdays from the date the written grievance is received. The written decision given in this Step shall be final and unappealable unless appealed in writing within three (3) workdays from the date decision is given under this Step.
THIRD STEP: Any dispute relating to the interpretation of the terms of this Agreement, not resolved by the above procedure, may be submitted to arbitration.
a) In the event that no satisfactory settlement is reached under the foregoing, or
b) If the Company and the Union have a grievance which they cannot settle between themselves.
If the parties cannot agree upon an impartial arbitrator within ten (10) workdays from date arbitration is invoked, the selection of an arbitrator shall be made from a panel of arbitrators provided by the Federal Mediation & Conciliation Service. The arbitrator shall deal only with the matter which occasioned his appointment and his decision shall be final and binding upon both parties. In no case, however, may the arbitrator make a decision which will in any way add to, subtract from, or alter the terms of this Agreement. The fees of the arbitrator shall be borne equally by the Company and the Union but the Company and the Union shall respectively bear the expense of their own representatives, if any.
[4] La.Code Civ.P. art. 934 provides:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.