GARRISON, Judge,
dissents and assigns reasons.
I respectfully dissent from the majority opinion on the ground that this case is not one in negligence, but one in strict liability on the part of the landowner for loss occasioned as a result of that ownership. The landowner knowingly allowed a dangerous condition to continue to exist after numerous warnings by the adjoining property owners. In the course of attempting to conserve and protect their own property, the adjoining property owners incurred the loss. Thus, the loss incurred arose out of a predial servitude under C.C. Arts. 651, 656, 667, and most important, Art. 688, which provides:
“A landowner has the right to demand that the branches or roots of a neighbor’s trees, bushes, or plants, that extend over or into his property be trimmed at the expense of the neighbor.
“A landowner does not have this right if the roots or branches do not interfere with the enjoyment of his property.”
In the instant appeal, it is obvious that the overgrowth interfered with the adjoining property owners’ enjoyment of their property. Ronald Blackwelder, whose property also bordered on the vacant lot, testified to the condition of the vacant property and the landlord’s knowledge thereof:
“I called her and I told her that it was a cesspool, that the grass was high; that the rats and the mosquitos were coming out. I told her that. I also told her that if my little girl fell into it and drowned, that she was going to have problems. And she hung up on me.
“Q. And did you do anything personally to alleviate the problem which was caused by the lot between your house and the Patricks?
“A. Yes, sir, I did. My fence was right on the borderline. I went out there with a shovel and tried to dig some of the dirt to pack it around my fence. It kept falling into her property — her property, and on my side, her property right now is down about three feet. At that time, it was down more. There is water that just stands along the whole area, almost a hundred and thirty feet deep. Along the whole edge there is just water and mud and swash, mosquitos and rats.
******
“A. There are rats on it, there are snakes on it. There was mosquitos and they are imbedded. It’s a cesspool is what it is. We are getting rats in our house. Before it was mice, now it is rats. There was one that run in my stove last night. Now, there is no other empty property around. My dog died from the snake coming out of that — crawling up out of that empty lot.”
Under the doctrines of Canter v. Koehring, 283 So.2d 716 (La.1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), great weight is given to the credibility determinations and factual findings of the trier of facts, in this instance, the jury, because of its ability to observe the demeanor of the witness. This court is bound to uphold those findings and credibility determinations when, upon a full and independent review of the record, the appellate court cannot find that the trier of fact was manifestly erroneous. In the instant appeal, I cannot conclude that manifest error exists. I also find, as did the jury, that the landowner was given notice of the defective and dangerous condition of the premises on several occasions.
C.C. Art. 2316 provides as follows:
“Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.”
Additionally, C.C. Art. 2317 provides:
*196 “We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody -”
The test to be applied to determine landowner liability under C.C. Arts. 2316 and 2317 is, whether in the management of his property, the landowner acted as a reasonable man in view of the probability of injury to others. Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976); Davis v. Moreau, 381 So.2d 1297 (La.App. 4th Cir., 1980).
In the light of the evidence presented we cannot disagree with the jury’s verdict that the defendant failed to act as a reasonable man in the light of the probability of injury due to the deplorable condition of the lot. Defendant’s property was literally an accident waiting to happen.