BOUTALL, Judge.
This case arises from an incident in which a man was killed, either by being stabbed and shot or by being run over by a car, allegedly by three patrons of a lounge who plotted the killing while on the premises.
Abdon Williams (Williams), the decedent, was survived by two minor children, Charles J. Williams and Tamika Williams. Suit was filed by Charles Williams, Abdon Williams’ father, who was replaced as plaintiff by Alysia G. Trafficano, mother of the children, individually and in her capacity of *352 administrator of the children’s estates, against Michael Savoie, owner of the automobile which injured Williams, State Farm Insurance Company, Savoie’s liability insurer; John M. Sawatis and Benjamin T. Dorsey, who allegedly assisted in the killing; and Jules Milan, individually and d/b/a Casablanca Lounge, Jules J. Lounges, Inc. (all to be referred to hereafter as “Milan”) and National Union Fire Insurance Company (National), Milan’s liability insurer.
Milan and National, the only defendants involved in this appeal, filed a peremptory exception of no cause of action. The court granted the exception and dismissed the plaintiffs’ claim against those parties on grounds that “the harm complained of is not one in which these defendants were obligated to protect the plaintiff’s decedent against.” The plaintiffs have appealed dismissal of their suit.
The petition was amended three times and alleges in pertinent part:
“8(A)
“Jules Milan, d/b/a The Casablanca Lounge, permitted the defendants, Michael Savoie, John M. Sawatis, and Benjamin E. Dorsey, to use the premises of the Casablanca Lounge to plan the intentional killing of Abdon F. Williams. Specifically, persons employed by Jules Milan and the Casablanca Lounge overheard the heretofore named defendants planning such killing and took no steps whatever to safeguard the life of Abdon F. Williams and/or call the authorities to prevent the death or injury of Abdon F. Williams once it was apparent that the aforenamed defendants were planning such act. Jules Milan and The Casablanca Lounge, through its employees had a duty to take some steps to prevent said killing once they were put on notice that Michael Savoie, John Sawatis and Benjamin T. Dorsey were planning same that evening.
The only issue before this court is whether or not the judge erroneously granted the peremptory exception. La.C. C.P. article 931 provides, in pertinent part:
“No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.”
We must consider only the petition as amended and accept as true all well-pleaded allegations. Wheelahan v. State, Etc., 376 So.2d 576 (La.App. 4th Cir.1979). No documents were annexed to the petition.
Although the appellants’ brief indicates that the decedent had been in the bar and was killed while going to his car in the parking lot, we must disregard this information and evaluate the facts as supplied by the petition. The petition fails to allege that Williams was a patron of the bar or that he was killed on the premises.
The appellants argue that Milan owed Williams a duty as a landowner and cites the analysis of the duty-risk approach found in Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976) and quoted later in Davis v. Moreau, 381 So.2d 1297 (La.App. 4th Cir.1980). The court in Davis explained, at 1299:
“... The proper test to be applied is ‘whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others.’ In its further consideration of the duty owed by the landowner under the duty-risk approach, the court further stated at p. 410:
‘In making this determination, the following inquiries must be made: (1) What, if any, duty was owed by the landowner to the plaintiff? (2) Was there a breach of this duty? (3) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?’ ”
As the petition fails to allege a relationship between Milan and Abdon, there is no basis for finding a landowner’s duty to safeguard the decedent. Accordingly we agree with the judgment maintaining the exception of no cause of action.
However that judgment also dismissed plaintiffs’ suit. C.C.P. art. 934 permits amendment of the petition when the grounds of the objection may be removed *353 thereby. In Davis, supra, the Court stated the allegedly pertinent facts, noting especially that the landowner had called the police, and concluded that, if proven, there was no breach of duty by the landowner to the victim.
The facts argued to us in this case are quite different and are stated above. These facts, if proven, appear sufficient to bring plaintiffs’ case within the principles set out in Borne v. Bourg, 327 So.2d 607 (La.App. 4th Cir.1976) relative to the duty owed by the operator of a barroom to use reasonable care in the protection of patrons and guests. Plaintiffs are entitled to an opportunity to amend.
Accordingly, we affirm the judgment maintaining the exception of no cause of action, but we set aside that portion ordering dismissal of plaintiffs’ suit against the appellants and instead grant plaintiffs an opportunity to amend the petition within a reasonable time to be fixed by the trial judge under penalty of dismissal thereafter.
Costs of this appeal to be assessed upon final disposition of this case.
AFFIRMED IN PART, AMENDED IN PART.