BYRNES, Judge.
This appeal arises out of the trial court’s granting of defendant’s Exception of No Cause and/or Right of Action.
FACTS
Continental Marble and Granite Co., Inc. [“Continental”] requested a referral for a carpenter from Carpenter’s Local Union No. 1846 [“Union”]. On July 27, 1982, the Union referred Harold Childress. Mr. Chil-dress injured his back while lifting a sheet of plywood several hours after beginning work for Continental. Continental subsequently paid Worker’s Compensation to Mr. Childress. North-West Insurance Company, [“North-West”], Continental’s compensation insurer, wrote a letter to the Union seeking indemnification for the benefits paid. When no reply was received NorthWest filed suit as the subrogee of Continental.
The Union filed an Exception of No Cause and/or Right of Action. The trial court ruled in their favor, holding that as a subrogated insurer North-West had no greater rights to assert than its insured, Continental. The court also found that, because Continental was a participant in a collective bargaining agreement and the suit asserted a breach of an implied condition of that agreement, North-West first had to exhaust the methods for resolving disputes set forth in the agreement. We reverse.
*220 ASSIGNMENTS OF ERROR
Appellant contends that the trial court erred in finding that the petition failed to state a cause of action. They further contend that the court erred in finding that the issues presented were covered by the labor contract, and in the alternative, that the Collective Bargaining Agreement required arbitration.
THE EXCEPTION
It is well settled that there is no single exception styled No Cause and/or Right of Action. The peremptory exceptions of no cause of action and no right of action have distinct meanings and separate standards of proof. See: Smith v. Livingston Parish Police Jury, 423 So.2d 5 (La.App. 1st Cir.1982) and Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir.1979).
In reviewing an exception of no cause of action all well pled allegation, of the petition are accepted as true. McIlwain v. Manville Forest Products Corp., 416 So.2d 954 (La.App. 2nd Cir.1982). The purpose of the exception is to determine if the allegations of the petition are sufficient to state a claim for which relief may be granted. See Darville v. Texaco Inc., 447 So.2d 473 (La.1984). On review, we may only consider the petition, any amendments, and any documents attached thereto. Williams v. Savoie, 441 So.2d 351 (La.App. 5th Cir.1983). We may not consider defendant’s answer or any evidence admitted relative to other motions or exceptions unless they are specifically pleaded in the petition or amendments. See State ex rel. Guste v. Audubon Park Commission, 320 So.2d 291 (La.App. 4th Cir.1975).
In the case at bar, appellant’s petition alleged a breach of an implied duty imposed on the Union by the Collective Bargaining Agreement. They contend that the Union has an implied duty to recommend workers who are fit for the job for which they are being referred. Appellant argues that the Union knew or should have known that Mr. Childress was disabled when he was referred to Continental and that by recommending him anyway, it breached its duty. No reference to the grievance procedure was made in the original or supplemental petition, nor was a copy of the Collective Bargaining Agreement attached as an exhibit to either of those pleadings. Thus we may not consider the agreement in ruling on the exception, and it was improper for the trial court to do so.
On the face of the petition, accepting all the factual allegations as true, we find that appellant stated a cause of action against the Union. The question of arbitratability of the issue goes to the merits of the case and cannot be decided on an exception of No Cause of Action.
The exception of no right of action determines whether a particular plaintiff is a member of the class which has a legally recognized interest in judicially enforcing the right asserted. Slocum v. Daigre, 424 So.2d 1074 (La.App. 3rd Cir. 1982). See also: Smith v. Livingston Parish Police Jury, supra. This determination relates solely to the plaintiff’s right to assert a claim against the defendant. Guide Newspaper Corp. v. Langford, 363 So.2d 77 (La.App. 4th Cir.1978). Therefore, any evidence admitted in connection therewith which does not relate to the plaintiff’s right must be referred to the merits. See Gustin v. Shows, supra.
The arbitration provisions of the Collective Bargaining Agreement do not relate to appellant’s right to proceed against appellee. Accordingly, we find that appellant does have a right of action herein.
Appellee’s place much emphasis on Bates v. Foremost-McKesson Inc., 392 So.2d 389 (La.1980) as supporting the contention that an exception of no cause of action is the proper vehicle to have a claim dismissed for failure to utilize a grievance procedure. We find that the Bates decision is wholly inapplicable under the facts of this case.
The Court in Bates was presented with a situation where the parties had already exhausted the grievance procedures and were *221 contesting the findings of the arbitrator. The collective bargaining agreement in force at the time provided that the decision of the arbitrator was final and binding. The court concluded under these circumstances that where plaintiffs petition did not allege a serious flaw in the arbitration process he had failed to state a cause of action.
In this case, neither party has submitted to arbitration. If appellees wish to have the question of arbitratability decided at this point in the proceedings they must do so by a trial on the merits and not an exception of No Cause and/or Right of Action.
CONCLUSION
For the foregoing reasons, the decision of the trial court granting the Exception of No Cause and/or Right of Action is reversed, and the case is remanded for further proceedings.
Costs of this appeal are to be borne by appellee.

Reversed and Remanded.