HALL, Chief Judge.
Plaintiff, Religh C. Christy, appeals a summary judgment rejecting his demands for loss of back wages which he sustained during the period of time between his termination of employment by defendant, International Paper Company, and his reinstatement by a labor arbitrator appointed pursuant to a collective bargaining agreement between International Paper Company and the United Paperworkers International Union. Finding that the arbitrator exceeded his authority under the agreement, we reverse the summary judgment; however, we sustain defendant’s peremptory exception of no cause of action and remand to allow plaintiff time to amend his petition.
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff, an employee of International Paper Company for approximately seven years and a member of the United Paper-workers International Union, became disturbed when certain employees of International Paper Company were allowed to construct barbecue pits at the mill while the plaintiff was not so permitted. Plaintiff broke into a secured area, removed a grill, and hid it in a dumpster. On July 20,1983, the plaintiff was discharged for misconduct and neglect of duty.
Pursuant to the collective bargaining agreement between United Paperworkers International Union and International Paper Company, plaintiffs’ union challenged the discharge, resulting in the submission of the matter to arbitration. The union, on behalf of plaintiff, requested that he be put back to work and paid for all lost time with the exception of a fifteen day suspension. On December 1, 1983 the arbitrator found that the plaintiff’s conduct lacked sufficient moral turpitude to support the heavy penalty of discharge, reversed the mill manager’s decision, and ordered the plaintiff reinstated with full seniority. However, the arbitrator ruled that plaintiff would not be awarded back pay during the entire period of his discharge.
Plaintiff filed a petition in the district court seeking damages consisting of back wages for breach of contract and additionally sought consequential damages for libel and slander. Plaintiff alleged that he was off from work from July 16, 1983 through December 14, 1983, for a total of 1,090.5 hours which reflects lost wages of $17,-475.26. Defendant filed an exception of no cause of action and a motion for summary judgment.
The trial court granted defendant’s motion for summary judgment finding that the parties submitted the issue of back pay to the arbitrator, the arbitrator acted within his authority under the collective bargaining agreement, and that the arbitrator’s decision is final and binding. The trial court likewise rejected plaintiff’s claims of libel and slander and found defendant’s exception of no cause of action to be moot.
Plaintiff appealed that portion of the summary judgment as it pertains to his cause of action for breach of contract and has abandoned his claims for libel and slander. Plaintiff contends that the arbitrator exceeded his authority under the collective bargaining agreement in ordering the reinstatement to be without back pay, an issue that is subject to judicial review.
Defendant contends that the decision of the arbitrator is final and binding under the collective bargaining agreement and that in order for the plaintiff to be entitled to judicial relief the plaintiff must plead and prove a breach of the duty of fair representation by his union regardless of whether he is suing to enforce a collective bargaining agreement or attempting to vacate an arbitration award rendered pursuant to it. The defendant also contends that the issue of back pay was submitted to- the arbitrator and that the arbitrator had the authority under the collective bargaining agreement to reject plaintiff’s demand for back pay.
APPLICABLE LAW
The principles of labor law applicable in the present case were set forth by the Louisiana Supreme Court in Bates v. Fore *580 most-McKesson, Inc., 392 So.2d 389 (La.1980) as follows:
At the outset, we recognize that this action, alleging a breach of a collective-bargaining agreement, arises under section 301(a) of the Labor Management Relations Act, 28 U.S.C. § 185(a) (1976), which provides:
Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
While this statute confers upon a federal district court jurisdiction to hear cases involving a breach of a labor contract, the United States Supreme Court has held that they are not endowed with exclusive jurisdiction over § 301(a) suits; actions to enforce collective-bargaining agreements may be brought in either state or federal court. Charles Dowd Box Co., Inc. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). However, in the interest of uniform labor policies, the Supreme Court has made it clear that federal substantive law and not state law should govern the rights of the parties in a § 301(a) dispute. Teamsters Local v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); Textile Workers v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed. 972 (1957). Therefore, whether or not plaintiff is entitled to seek judicial relief in the instant case will be determined under principles of federal labor law.
THE SUMMARY JUDGMENT
Plaintiff contends that the arbitrator exceeded his authority under the collective bargaining agreement by denying plaintiffs claims for back wages. In granting defendant’s motion for summary judgment, the trial court found that the issue of back pay was subject to arbitration under the contract and that the arbitrator did not exceed his authority under the agreement by denying plaintiffs claim for back wages.
An arbitrator’s award is not subject to judicial review on the merits because the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Piggly Wiggly, Etc. v. Piggly Wiggly Operators, Etc., 611 F.2d 580 (5th Cir., 1980). However, under 9 U.S.C. § 10(d) an award made by an arbitrator may be vacated by a court upon the application of any party to the arbitration where the arbitrators exceeded their power or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. As stated by the United States Supreme Court in United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960):
... an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator’s words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.
And as stated in Piggly Wiggly, Etc. v. Piggly Wiggly, Etc., supra:
The arbitrator’s authority is circumscribed by the arbitration agreement, and he can bind the parties only on issues that they have agreed to submit to him. Whether an arbitrator has exceeded these bounds is an issue for judicial resolution.
Accordingly, it is within the court’s power to ascertain whether the arbitrator’s *581 award is derived in some rational way from the collective bargaining agreement.
In the present case the collective bargaining agreement, Article XIY, provides the causes for discharge. Under Article XIV(A)(7) and (9), an employee may be discharged for neglect of duty and for dishonesty. The issue of whether the plaintiff was discharged for just cause was submitted to the arbitrator and the arbitrator found that just cause for discharge did not exist. The merits of the arbitrator’s decision in this regard is not subject to judicial review.
The arbitrator found that the plaintiff was unjustly discharged and ordered the plaintiff reinstated to his former position; however, the arbitrator held that the plaintiff would not be awarded back pay for the period of discharge. The defendant contends that in addition to the issue of just cause for discharge, the issue of back pay was also submitted to the arbitrator for decision. Plaintiff contends that the contract requires payment of back pay upon a finding that an employee has been unjustly discharged, and that the issue of back pay was not submitted to the arbitrator for decision. We agree with plaintiff.
The union’s “Complaint Report” submitted to the mill manager prior to arbitration contains the following statement of the settlement desired: “Put R. Christy back to work and pay all lost time due this employee with the exception of a fifteen day suspension for his disciplinary action in this case.” There is nothing in the record to indicate that the parties intended the issue of back pay to be an issue outside the parameters of the collective bargaining agreement. Thus, the issue presented is whether the arbitrator exceeded his authority under the collective bargaining agreement in denying plaintiff back pay for the period between discharge and reinstatement.
Article XIII(A) of the collective bargaining agreement provides for the discipline of mill employees. The contract provides for three separate penalties: (1) a reprimand approved by the mill manager to be applied in the case of minor offenses; (2) suspension from work without pay for periods varying from one to fifteen days according to the gravity of the offense and the previous record of the employee concerned; and (3) discharge to be applied in cases of flagrant or willful violation of the rules of the company.
Section VII sets forth the arbitrator’s authority under the collective bargaining agreement. Section VII(D)(5) specifically provides that “The arbitrator shall have no power to add to or subtract from or modify any of the terms of the labor agreement or any agreement made supplementary thereto nor to establish or change any wage.” Section VII(F) provides, “It is agreed and understood that where it is found that employees have been unjustly demoted, laid off, or discharged, they shall be paid for all loss of time.”
The collective bargaining agreement clearly sets forth the available disciplinary measures under Article XIII(A). The arbitrator had no authority to vary or alter the plain and express provisions under the contract from which he derives his authority. Once the arbitrator found that plaintiff had been unjustly discharged, the contract expressly regulated the consequence of that finding, that is, that plaintiff “be paid for all loss of time,” subject to the lesser disciplinary penalty of suspension without pay for a period not to exceed 15 days. The arbitrator had no authority to order reinstatement without back pay.
The defendant contends that arbitrators at other mills under other contracts have granted reinstatement without back pay and submitted affidavits to that effect. However, the fact that arbitrators at other mills under other contracts may have granted reinstatement without back pay is of no consequence. The affidavit and copies of those decisions do not disclose the precise contract provisions or the precise issues submitted for arbitration, and do not show that other arbitrators in other disputes did not award back pay in accordance with the collective bargaining agreement.
*582 The arbitrator in the present case exceeded his authority granted under the collective bargaining agreement in denying plaintiff back pay. The trial court erred in granting defendant’s motion for summary judgment on the grounds that the denial of back pay was a final and binding decision within the arbitrator’s authority.
THE EXCEPTION OF NO CAUSE OF ACTION
The defendant filed a peremptory exception of no cause of action in the trial court alleging that the arbitration agreement, to which plaintiff is a party by virtue of designating the United Paperworkers International Union as his bargaining representative, provides that in a situation such as this arbitration is plaintiff’s exclusive remedy and, accordingly, plaintiff is estopped from seeking judicial relief. In défendant’s brief on appeal, defendant contends that since plaintiff has not alleged a breach of the duty of fair representation by his union, the defendant has failed to state a cause of action.
The Louisiana Supreme Court in Bates v. Foremost-McKesson, Inc., supra, held:
National labor policy, as embodied in the Labor-Management Relations Act, contemplates that the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement should be one agreed upon by the parties and set out in the agreement itself. 29 U.S.C. § 173(d) (1976). Accordingly, when a dispute arises within the scope of a collective-bargaining agreement, the parties are relegated to the remedies provided in their contract. The courts have given this policy effect by concluding that an individual employee wishing to assert a contract grievance may not bring a court action against his employer for breach of contract without first resorting to the procedures agreed upon by the employer and union as the mode of redress. Republic Steel v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); Piggly Wiggly, Inc. v. Piggly Wiggly Warehouse Independent Truck Drivers Local No. 1, 611 F.2d 580 (5th Cir.1980); Lomax v. Armstrong Cork Company, 433 F.2d 1277 (5th Cir.1970); Haynes v. U.S. Pipe and Foundry Co., 362 F.2d 414 (5th Cir. 1966). Furthermore, where the grievance procedure provides that the decision is final and binding, an individual will be precluded from subsequently seeking an adjudication in the courts unless the grievance process has been seriously flawed by the union’s breach of its duty to represent employees honestly and in good faith and without invidious discriminatory or arbitrary conduct. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); Connally v. Transcon Lines, 583 F.2d 199 (5th Cir.1978); Lomax v. Armstrong Cork Company, supra. Preclusion of judicial review is necessary for reasons stated by the United States Supreme Court in Republic Steel v. Maddox, supra:
A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. In addition to cutting across the interests already mentioned, it would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.
In Bates, a former employee filed suit against his former employer for damages resulting from his alleged wrongful discharge by the employer. There was a collective bargaining agreement in effect between plaintiff’s union and the employer which provided for arbitration of grievances, the decision of the arbitrator to be final and binding. The arbitrator found that plaintiff was discharged for “just *583 cause.” The Supreme Court held that since plaintiff did not allege unfair representation by his union, his petition seeking damages for wrongful discharge did not set forth a cause of action. The court sustained the defendant’s exception of no cause of action and remanded to give plaintiff the opportunity to amend his petition. See also Davenport v. Kaiser Aluminum and Chemical Corp. 206 So.2d 526 (La. App. 1st Cir.1968) where an exception of no cause of action was sustained under similar circumstances.
The present case is “on all fours” with the Bates case. Section VII(D)(7)(B) of the collective bargaining agreement provides that “The decision of the arbitrator shall be final and binding.” Bates held that where the grievance procedure provides that the decision is final and binding, an individual will be precluded from subsequently seeking an adjudication in the courts unless the arbitrator’s decision has been flawed by the union’s breach of its duty of fair representation. This holding does not preclude the union from seeking judicial review of the grievance process; however, the union is not a party to plaintiff’s action against the defendant. Therefore, in order for the plaintiff to be entitled to the judicial relief sought, the union must either join as a plaintiff in the action or the plaintiff must allege a breach of duty of fair representation by the union. The plaintiff’s petition fails in this respect.
Accordingly, we sustain defendant’s peremptory exception of no cause of action. Because the plaintiff may wish to amend his petition and assert that the union unfairly represented plaintiff in the arbitration procedure, we order amendment of the petition by the plaintiff 30 days from the finality of this decision; if the grounds of the objection pleaded by the exception cannot be removed by amendment or if plaintiff fails to comply with the order to amend, the action shall be dismissed by the district court. LSA-C.C.P. Art. 934. DECREE
For the reasons assigned, the judgment of the trial court granting defendant’s motion for summary judgment is reversed and the motion for summary judgment is denied. The exception of no cause of action is sustained, allowing plaintiff 30 days from the finality of this decision to amend his petition in the district court to state a cause of action; otherwise, the action shall be dismissed. The case is remanded to the district court for further proceedings consistent with this decision.
SUMMARY JUDGMENT REVERSED, EXCEPTION OF NO CAUSE OF ACTION SUSTAINED WITH LEAVE TO AMEND, AND CASE REMANDED.